IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID E. O'CONNOR,        Plaintiff-Petitioner, | § § § § § | In a removal from the 345th Judicial District Court of Travis County, TX State case number: D-1-FM-15-003965 |
| v. | § § | *("In the Interest of L.T.O., A Child")* Judge Jan Soifer, presiding |
| STATE OF TEXAS, JAN SOIFER, KARIN R. CRUMP, THOMPSON SALINAS & LONDERGAN, DALRYMPLE SHELLHORSE ELLIS & DIAMOND, ALISSA SHERRY and TRISH HO,        Defendants-Respondents | § § § § § § § § | CIVIL ACTION NO. 1:22-CV-01047-LY |

## MOTION TO REMAND AND BRIEF IN SUPPORT

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

COMES NOW, TRISH HO, named Defendant-Respondent in this proceeding and Respondent in the underlying state court case ("Movant"), by and through her undersigned attorney, Eric R. Little, and files this her Motion to Remand and Brief in Support under 28 U.S.C. § 1447(c) ("Motion"), and in support of which would respectfully show the Court as follows:

### I. Summary

Movant seeks to remand this case for the reasons that: (1) remand is required by the *Rooker-Feldman* doctrine and the domestic relations exception to removal of family law cases; (2) the "Notice of Petition; and, Verified Petition for Warrant of Removal with Criminal Complaint upon Human Trafficking; Claim for Civil Damages" filed by David E. O'Connor ("Petitioner" or "Mr. O'Connor") is untimely; (3) civil rights removal under 28 U.S.C. § 1443 is improper; and (4) diversity jurisdiction does not exist. Mr. O'Connor's removal of this case was improper and it should be remanded.

## II. Background

1. This case arose from a suit affecting the parent-child relationship ("SAPCR") in Cause No. D-1-FM-15-003965; *In the Interest of L.T.O., a Child*; In the 345th Judicial District Court of Travis County, Texas. Removing party herein, David E. O'Connor, first opened jurisdiction in the Travis County District Courts on July 8, 2015, when he filed his petition to adjudicate his parentage in that case. **Exhibit "D-1".**[1] On February 9, 2017, the 345th District Court entered an "Order in Suit Affecting the Parent-Child Relationship" adjudicating Mr. O'Connor's paternity and making orders for the parties' conservatorship, possession, access, and support regarding their son, L.T.O.. **Exhibit "D-2".** Then, roughly a year and a half later, on September 20, 2018, Mr. O'Connor reopened the custody case, seeking to expand his court-ordered visitation schedule with the child. **Exhibit "D-3".** On January 8, 2019, Mr. O'Connor amended his petition to seek primary custodial rights. **Exhibit "D-4".** Subsequently, the parties have engaged in extensive litigation in the underlying child custody modification proceeding. **Exhibit "D-5," pp. 6** *et seq.*. On September 10, 2020 the state district court appointed Dr. Alissa Sherry, Ph.D. (now named by Mr. O'Connor as a co-defendant in this federal removal proceeding), as child custody evaluator to conduct psychological assessments of both parties, assess the child, and make recommendations to the court regarding the child's best interest. **Exhibit "D-6".**

2. On January 21, 2022, after conducting lengthy interviews and evaluations and review of voluminous documents propounded by Mr. O'Connor, Dr. Sherry rendered her report. **Exhibit "D-7" (concurrently filed separately under motion).** Dr. Sherry's report indicated, *in sum*, her opinion that Mr. O'Connor's defense mechanisms and controlling behavior are adverse to the child's best interest, and recommended that Mr. O'Connor meaningfully participate in therapy and

---

[1] Exhibits to this motion have been partially redacted to comply with this Court's current Local Rules, Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, and the Amended Privacy Policy and Public Access to Electronic Files.

take further specified steps to address his behaviors and cognitive patterns. Subsequently, on February 9, 2022, Ms. Ho filed a motion for further temporary orders, seeking to obtain court orders in line with Dr. Sherry's recommendations for the child's best interest. **Exhibit "D-8".** The parties thereafter filed a number of competing hearing notices, continuance motions, and other procedural filings which ultimately set back the hearing on Ms. Ho's request for further temporary orders into July of 2022. **Exhibit "D-5".** On April 26, 2022, Ms. Ho filed her counterclaim to modify the terms of custody, which also included a request for additional temporary orders with the state district court, seeking orders in accordance with the custody evaluation. **Exhibit "D-9".** <u>On the same day that Ms. Ho filed her counterclaim</u>, Mr. O'Connor non-suited his modification claim without prejudice to refiling. **Exhibit "D-10".** However, because Ms. Ho had filed a counterclaim, Mr. O'Connor's non-suit of his petition for affirmative relief (the petition to modify the parent-child relationship he had originally filed in 2018) did not operate to discharge Mr. O'Connor from the modification proceeding, as Ms. Ho's claims to modify custody remained pending. Tex. R. Civ. P. 162 ("Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk.").

3. Upon a hearing on July 20, 2022, the state district court entered further temporary orders to establish some rules of conduct. **Exhibit "D-11."** On October 17, 2022, Mr. O'Connor filed the instant federal removal case against not only Ms. Ho, but also two district judges, the custody evaluator, Ms. Ho's attorney's law firm, and the custody evaluator's law firm who had represented her in a motion to quash her deposition notice.

### III. Arguments and Authorities for Remand (Brief in Support)

*This Court Lacks Subject Matter Jurisdiction Over Petitioner's Claims*

1. Much of the litany that is set forth in Mr. O'Connor's prolix, confusing, and conspiratorial allegations has been petitioned to this Court in prior cases brought by an unrelated

litigant who, like Mr. O'Connor, sought to frustrate and circumvent the jurisdiction and due process of a Texas district court in the exercise of its jurisdiction under the Texas Constitution and the Texas Family Code, and using much the same jargon, jingoistic template phrases and baseless theories. *See* Cause Nos. 1:16-cv-00716-LY and 1-17-cv-00103-LY; *Stuart McMullen v. Deanna Cain, et al.*; In the United States District Court for the Western District of Texas, Austin Division (Hon. Lee Yeakel, presiding).[2]  Movant respectfully requests that the Court take judicial notice of the pleadings, motions and orders in the aforementioned cases. Fed. R. Evid. 201. Mr. O'Connor appears to have borrowed amply and verbatim from Stuart McMullen's petitions in the aforementioned cases (or from forms obtained from a common source), and therefore, for efficiency's sake, much of the U.S. Magistrate's recommendations and analysis supporting remand in those prior cases is repeated hereinbelow:

    2.    'Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). However, a petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v.*

---

[2] A district court may dismiss a complaint for failure to comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Hartz v. Friedman,* 919 F.2d 469,471 (7th Cir.1990); *see also In re Westinghouse Sec. Litig.,* 90 F.3d 696, 702-04 (3d Cir.1996); *Simmons v. Abruzzo,* 49 F.3d 83, 86-87 (2d Cir.1995); *Kuehl v. FDIC,* 8 F.3d 905, 908-09 (1st Cir.1993), *cert. denied,* 511 U.S. 1034 (1994); *Salahuddin v. Cuomo,* 861 F.2d 40, 41-42 (2d Cir.1988). "A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 775-76 (7th Cir.1994). The Fifth Circuit has described such "puzzle pleading" as a "not uncommon mask for an absence of detail." *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 178 (5th Cir.1997).

<, Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).'

    3.    '"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court lacks jurisdiction to hear Mr. O'Connor's claims under the *Rooker–Feldman* doctrine. As the Fifth Circuit has explained:

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). Federal courts frequently apply the doctrine to bar federal jurisdiction over family law matters such as child support and divorce proceedings. *See, e.g.*, *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403–04 (7th Cir. 2002) (finding suit challenging contempt order enforcing child support order barred by *Rooker–Feldman*); *Laskowski v. Attorney Gen. of Tex.*, 2006 WL 2479101, at *2 (S.D. Tex. Aug.25, 2006) (finding suit challenging child support arrearages barred by *Rooker-Feldman*). As this is a family law matter, under the *Rooker–Feldman* doctrine this Court lacks jurisdiction to entertain Mr. O'Connor's claim or claims. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and invoking district court review and rejection of those judgments").'

    4.    'In addition, this case is also subject to dismissal under the domestic relations exception to federal jurisdiction. Under the domestic relations exception, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues. *Rykers v. Alford,* 832 F.2d 895, 899 (5th Cir. 1987). Courts have reasoned that (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task

for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id.* at 899-900. "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id.* at 900.'

5.  As in the *McMullen* cases, Mr. O'Connor's instant case for removal is brought for the same improper purposes of circumventing due process of law in state court proceedings, and of seeking federal court review of decisions made by a state court properly exercising its family law jurisdiction. Therefore, remand back to state court is required by the *Rooker-Feldman* doctrine and the domestic relations exception.[3]

### Untimeliness of Removal

1.  The deadline to remove a case is 30 days following receipt by the defendant(s) of both the summons and a copy of the complaint. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The Texas state court which has rendered a final child custody order has continuing, exclusive jurisdiction over any subsequent requests to modify orders or to otherwise render orders concerning the conservatorship, possession, access and

---

[3] Mr. O'Connor judicially admits to this Court that he is not, in point of fact, filing in this Court in order to complain of wrongdoings in the state court family law case which he himself reopened. Mr. O'Connor judicially admits that he wishes to put on trial the entire Texas justice system as it relates to family law matters: "The Texas statewide "family court" system is on trial here – not my personal case, *per se*[.]" ECF 6, p. 2, ln. 8. Mr. O'Connor goes further to argue that this Court has jurisdiction to decide the constitutionality of a specific statute (ECF 6) and he appears—if sense is to be made of his multiple filings taken together (which strain logic, to say the least)—to assert that the purpose of his removal action is to test the constitutionality of 28 U.S.C. § 1443, which is the very removal statute he cites as his basis for removal in the first place. ECF 4 and ECF 5, *passim*. Therefore, like the mythological Ouroboros, Mr. O'Connor's legal "argument," if such may be construed from his pleadings, eats its own tail. He at once seeks to remove a state court child custody proceeding to federal court under § 1443, in order to ask this Court to declare unconstitutional the very statute (§ 1443) by which he seeks to bootstrap removal. The simulacra of legal reasoning within Mr. O'Connor's pleadings is circular, tautological, and is ultimately consumed by its own logic, or lack thereof.

support of the child.  Tex. Fam. Code § 155.001.

2.   Viewing the procedural history in the light most favorable to Mr. O'Connor, he received notice of Ms. Ho's counterclaim in the state court case on April 26, 2022, which is when her counterclaim was filed and he was delivered notice of the counterclaim pursuant to Texas Rules of Civil Procedure Rule 21a.[4]  Accordingly, even were a rational decision-maker to entertain that Mr. O'Connor, having non-suited his claim to modify custody on that same day, suddenly became the defendant in the state court case (which appears to be a cynical contrivance conjured to try to bootstrap removal to this Court) then Petitioner's deadline to file a notice of removal to federal court would have run as of May 26, 2022.  Petitioner's October 17, 2022 removal filing is well out-of-time and therefore requires remand of the case back to the Travis County 345th Judicial District Court.

### *Civil Rights Removal Not Available*

1.   Removal under 28 U.S.C. § 1443(1) is improper because there exist no grounds for Civil Rights removal. 28 U.S.C. § 1443(1) permits a defendant to remove a civil action to federal court where a state court will not enforce a federal law providing for equal civil rights of citizens. *See City of Greenwood v. Peacock* 384 U.S. 808 (1966); *Georgia v. Rachel*, 384 U.S. 780 (1966). Removal of an action on these grounds requires a two-prong test: (1) a person must be deprived of a specific federal right pertaining to racial equality that is protected by a federal statute; and (2) the person must show that he or she will be deprived of the federal right due to the existence of a state

---

[4] This Court could potentially construe Ms. Ho's Motion for Further Temporary Orders filed on February 9, 2022 as first placing Mr. O'Connor on notice of the affirmative relief Ms. Ho has requested in the state court and thus starting the 30-day clock running for purposes of his deadline to file for federal removal. 28 U.S.C. 1446(b)(1)("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of <u>a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter</u>.")(emphasis supplied).  Movant discusses the April 26, 2022 counterclaim as the date to start the clock as a hypothetical assumption *arguendo*—and not as an admission of fact or concession of law—viewing the state court procedural history in the light most favorable to Mr. O'Connor, in which scenario he has still filed his removal pleading long after the expiry of his statutory deadline.

constitution or statute mandating the discrimination or because adjudication of the claim by the state court would inherently violate federal law. *Id.; Patel v. Del Taco, Inc.* 446 F.3d 996 (9th Cir. 2006); *Miller v. Lambeth*, 443 F.3d 757 (10th Cir. 2006); *Davis v. Glanton*, 921 F.Supp. 1421 (1996). Failure to meet this two-prong test renders removal under § 1443(1) improper. *Davis v. Glanton*, 921 F.Supp. 1421 (1996). Mr. O'Connor's notice of removal does not meet this test and remand must be ordered. [5]

### *Lack of Diversity Jurisdiction*

1. This case cannot be removed to federal court on the basis of diversity of citizenship because all named parties are in-state citizens. *See* ECF Document 1, p. 128. Section 1441(b) of the United States Code provides in relevant part that an action may be removed on the basis of diversity only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). As a result, the "forum defendant rule" does not permit removal of the underlying state court case nor joinder of the

---

[5] Mr. O'Connor alleges that he is the victim of "Anti-White-Male Ideology" underlying "rampant violations of law by the governmental and corporate Defendants." ECF 1, p. 13, lns. 8 *et seq*. Mr. O'Connor's allegations regarding "violations of law" throughout his 160-page removal filing launch vague and general suggestions that myriad federal statutes have been violated, without naming who exactly violated what laws, and without specifying factual bases or any "overt" acts which he might allege to constitute such violations. At any rate, Mr. O'Connor's general allegation that the Texas state family law judicial system is motivated by racial bias against "White Males" does not identify any state statutes or laws which facially operate to deprive him of equal treatment on the basis of race, or any other protected class for that matter. The United States Supreme Court has held that:

> "[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts. A state statute authorizing the denial affords an ample basis for such a prediction."

*State of Georgia v. Rachel*, 384 U.S. 780, 800 (1966). In order to remove a case to federal court under § 1443, the removing party must therefore establish that a specific state law, on its face, and not in potential application, deprives him of equal protection on the basis of race as afforded to him under applicable federal law. Such is not the case here, as Mr. O'Connor has identified no Texas statute or law which is facially at odds with a civil right afforded to him by Federal law. Indeed, Texas Civil Practice and Remedies Code § 106.001—upon which Mr. O'Connor purports to base his lawsuit in part—prohibits state governmental actors from discriminating against persons on the basis of race, religion, color, sex, or national origin. *See* ECF 1, p. 6, ln 12. At any rate, a litigant cannot bootstrap removal jurisdiction simply by alleging in conclusory fashion that numerous named and unnamed parties violated a laundry list of statutes. "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).

additional defendants in Mr. O'Connor's federal pleadings. *Fannie Mae v. Rice*, 2011 U.S. Dist. LEXIS 84286 * 5-6; *see also De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995)(the removing party has the burden of demonstrating diversity jurisdiction). As such, Mr. O'Connor is not allowed to remove this action to this Court on the basis of diversity jurisdiction and this case should be remanded.

<em>Amount in Controversy Does Not Exceed $75,000</em>

3. The removing party bears the burden of showing that diversity jurisdiction exists and that removal was proper. *See De Aguilar v. Boeing Co.,* 47 F.3d at 1408. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000). If the Petition does not seek a specific monetary demand, then the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999). The removing party must set forth summary judgment type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is more likely than not greater than $75,000. *Ballew v. America's Servicing Co.*, 2011 U.S. Dist. LEXIS 25843 *6 (N.D. Tex. March 14, 2011). The amount in controversy is measured from the perspective of the plaintiff. *Id*.

<strong>IV. Motion for Rule 11 Sanctions,<br>Sanctions Under 285 U.S.C. §1447(c), and for Attorney's Fees</strong>

1. It was necessary for Movant to secure the services of Eric R. Little, a licensed attorney, to enforce and protect the rights of Trish Ho and the child the subject of this suit.

2. This removal was frivolously filed in an effort to delay the impact of an adverse ruling in state court, as well as to artificially increase the litigation fees associated with this pattern of frivolous and vexatious litigation.

3. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Mr. O'Connor

should be sanctioned for filing this Removal action for a frivolous and improper purpose and should be ordered, at minimum, to pay reasonable attorney's fees, expenses, and costs. Judgment should be rendered in favor of attorney Eric R. Little and against Mr. O'Connor and be ordered to be paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the child's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law. *See In re Crescent City Estates,* 588 F.3d. 822, 831 (4th Cir. 2009); *Unanue-Casal v. Unane Casual,* 898 F.2d 839-41 (1st Cir. 1990).

4. Pursuant to 28 U.S.C. § 1477(c), Mr. O'Connor should be sanctioned for frivolously filing this Removal action without an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); *American Airlines, Inc. v. Sabre, Inc.,* 694 F.3d 539. 541-42 (5th Cir. 2012); *MB Fin. V. Stevens*, 678 F.3d 497, 498 (7th Cir. 2012). Mr. O'Connor should be ordered, at minimum, to pay reasonable attorney's fees, expenses, and costs. Judgment should be rendered in favor of attorney Eric R. Little and against Mr. O'Connor and be ordered to be paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the child's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law.

5. Pursuant to 28 U.S.C. § 1477(c), Mr. O'Connor should be sanctioned for frivolously filing this Removal action solely to prolong litigation and impose costs on the opposing party. Mr. O'Connor should be ordered, at minimum, to pay reasonable attorney's fees,

expenses, and costs. Judgment should be rendered in favor of attorney Eric R. Little and against Mr. O'Connor and be ordered to be paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the child's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140-41 (2005).

6. Pursuant to 28 U.S.C. § 1477(c), Mr. O'Connor should also be sanctioned for concealing facts necessary to determine jurisdiction and for otherwise acting in bad faith. *Micrometl Corp. v. v. Tranzact Techs.,* 656 F.3d. 467, 470 (ih Cir. 2011). Mr. O'Connor should be ordered, at minimum, to pay reasonable attorney's fees, expenses, and costs. Judgment should be rendered in favor of attorney Eric R. Little and against Mr. O'Connor and be ordered to be paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the child's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140-41 (2005).

7. Ms. Ho has incurred at least $5,000.00 in attorney fees to research and prepare this Motion to Remand and to defend Ms. Ho in this frivolous Federal Court Removal Action.

WHEREFORE, PREMISES CONSIDERED, Movant TRISH HO respectfully prays that the Court grant its Motion for Remand this case to the state proceedings. Movant further prays that this Court award such other and further relief to which she may be justly entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF ERIC R. LITTLE

*/s/Eric R. Little/s/*
By:     Eric R. Little
State Bar No.: 24014596
219 Texas Ave.
Bacliff, Texas 77518
888/404.0777 Tel./Fax
eric@erllaw.com
Attorney for Movant, Trish Ho

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of October, 2022, a true and correct copy of the foregoing pleading was delivered via regular and certified mail, return receipt requested and via electronic service through the CM/ECF system to the parties and/or their counsel of record listed below:

Mr. David E. O'Connor
307 Angus Drive
Cedar Park, TX 78613

*/s/Eric R. Little/s/*
Eric R. Little
Attorney for Movant, Trish Ho