**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

Cause No.:  1:22-cv-01047-LY

| | | |
|---|---|---|
| DAVID E. O'CONNOR, | ) | |
|     Plaintiff-Petitioner, | ) | |
| | ) | FORMAL DEMAND FOR JURY TRIAL |
| v. | ) | |
| | ) | CONSTITUTIONAL CHALLENGES |
| STATE OF TEXAS, et al., | ) | |
|     Defendants-Respondents. | ) | INJUNCTIVE RELIEF REQUESTED |

## Plaintiff's Response to Defendant Ho's Motion to Remand, Complaint for Counsel Little's Direct Gross Fraud Upon The Court, and Motion for Sanctions, or in the Alternative, Motion for Order to Show Cause

Comes now Plaintiff-Petitioner-Victim, David E. O'Connor, responding to and complaining about Defendant Trish Ho's motion to remand as nothing but willful direct fraud upon the Court by counsel's gross misrepresentations of this case, and moving for sanctions, by stating thusly:

<u>FOUNDATION</u>

Brand new counsel for Defendant Trish Ho, Mr. Eric Little, filed a motion to remand (Dkt. #18).  Throughout the same motion to remand, Mr. Little has fraudulently misrepresented both the facts and the law of this instant federal case, and he has even defrauded this Court over the very nature of this federal case, **so as to <u>trick and deceive</u> this Court** into falsely obtaining manifest injustice in favor of his client.  Because his nefarious actions constitute not only many gross violations of his professional ethics duties, but also are federal felony crimes in attempted obstruction of justice, wire fraud, and etc., Mr. Little should now be harshly sanctioned and/or otherwise punished in appropriate measure, and his law license revoked.  Mr. Little simply has no excuse, *ever*, for such egregiously false and fraudulent misrepresentations made to this Court.

1

## EGREGIOUSLY FALSE AND FRAUDULENT MISREPRESENTATIONS

The summary and nature of Mr. Little's motion to remand fraudulently misrepresents that this Plaintiff has filed Section 1443 removal so as to "appeal" or "review" or "collaterally challenge" and/or "modify" *one or more particular state court judgments* within this federal district Court, whether that be a state court judgment regarding child custody, or child support, parenting time, and/or any other ancillary state court judgment type bootstrapped to the child custody judgment.

Mr. Little uses that above fundamental fraud in mischaracterizing the very nature of this case, as false reasoning to then trick and deceive this Court into believing abstention doctrines apply.

Mr. Little also fraudulently misrepresents that this Plaintiff's filing of removal was untimely, as false reasoning to then trick and deceive this Court into believing that is a basis for remand.

Mr. Little also fraudulently misrepresents that Plaintiff invoked diversity jurisdiction, and then proceeds to rant and rave frivolously about the lack thereof, with likewise spewing frivolity regarding the $75,000 threshold for diversity jurisdiction, and likewise again regarding parties, as false reasoning to then trick and deceive this Court into believing "lack" of diversity applies.

Mr. Little also fraudulently misrepresents that Section 1443 removal is the **only** federal cause of action that has been filed, raised and is now at bar within this Track 3 complex litigation case, as false reasoning to trick and deceive this Court into ignoring **all** the other federal causes raised.

NOTHING could be further from the truth.  Mr. Little is not fit to retain his law license.

## PLAINTIFF NEVER ALLEGED ANY DIVERSITY JURISDICTION

First, the easiest, most clear-cut issue falsely and fraudulently raised by Mr. Little – ostensible lack of diversity jurisdiction.  The fact and truth is: *this Plaintiff never claimed any such thing*.

The JS-44 Civil Cover Sheet tendered in this matter (*see* Dkt. #1-3) clearly has "Federal Question" (checkbox #3) checked in the "II – Basis for Jurisdiction" box.  It does not have

checkbox #4 ("Diversity Jurisdiction") marked.  Likewise, the "III – Citizenship of Principal Parties" entire box is left blank... because this Plaintiff <u>never</u> claimed any diversity jurisdiction.

There are <u>no</u> pleadings or any other filings by Plaintiff in this federal case that claim any diversity jurisdiction.  <u>No</u> pleadings or filings by Plaintiff even discuss diversity jurisdiction.

There is <u>nothing</u> anywhere in *anything* filed by Plaintiff that even remotely hints the same.

Mr. Little's wholly fraudulent portrayal of "lack of diversity jurisdiction" and his equally frivolous diatribe about lacking a minimum threshold of $75,000 alleged in damages is exactly that – nothing but pure fraud on its face.  NONE of that applies to this case whatsoever.  And, of course, the same clearly also goes for his entirely frivolous and fraudulent motion for sanctions.

Attorneys admitted to the bar of this Court must comply with the Texas professional ethics rules, and Mr. Little is presumed to have obeyed his Rule 11 *due diligence* ethics duties to *actually* read and review and comprehend all of the pleadings and filings Plaintiff had entered with the Clerk at case opening, including all of the *actual* issues and matters raised by the same.

Because Mr. Little is presumed to know his ethical and procedural duties, he has therefore *willfully* submitted *intentionally* fraudulent filings in this case in order to <u>trick and deceive this Court</u> into believing fraud and thereby dishonestly obtain manifest injustice in favor of his client.

Mr. Little is unquestionably guilty of grossly violating at least each of the following Rules of the Texas Disciplinary Rules of Professional Conduct: Rule 1.01 [Competent and Diligent Representation], Rule 1.02(c) [Scope and Objectives of Representation] (`"A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent."`), Rule 3.01 [Meritorious Claims and Contentions], Rule 3.02 [Minimizing the Burdens and Delays of Litigation], Rule 3.03 [Candor Toward the Tribunal], Rule 3.04 [Fairness in Adjudicatory Proceedings], Rule 3.05(a) [Maintaining Impartiality of Tribunal] (`"A lawyer shall not: (a) seek to influence a`

tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure"), with multiple counts under Rule 8.04 [Misconduct] [violations thereunder of at least (a)(1), (a)(2), (a)(3), (a)(4), (a)(6), and (a)(12)], and because his actions include felonies involving moral turpitude, such as mail and wire fraud, obstruction of justice, and federal rights violations, Rule 8.04(b) thereof confirms Mr. Little is guilty of "serious crimes" towards all professional discipline, fines, sanctions, contempt, and etc.

Because Mr. Little's nefarious actions constitute not only gross professional misconduct against his ethical duties, but also felonies of moral turpitude such as federal mail fraud (18 USC § 1341: *Mr. Little mailed his false motion to remand in a scheme or artifice to defraud*), federal wire fraud (18 USC § 1343: *misusing the Court's ECF system in the same scheme or artifice to defraud*), attempted obstruction of justice (18 USC §§ 1503, 1506, and etc.), and federal rights violations (18 USC §§ 241 and 242: *the same scheme or artifice to falsely deprive this Plaintiff of my First Amendment rights of petitioning the government for redress of grievances, of having a fair trial in a court, and even of meaningful access to the courts, as well as falsely deprive me of my due process rights under the 5th and 14th Amendments*), and further demonstrate his pure disdain for this Court itself and its Rules, with also obvious disdain for maintaining the integrity of the legal profession, Mr. Little should now therefore face appropriate measure of punishments, including fines, sanctions, contempt (be it civil contempt and/or criminal contempt) plus have his law license revoked or suspended, not to mention striking his fraudulent and frivolous motion.

## MR. LITTLE FRAUDULENTLY MISREPRESENTED ABOUT REMOVAL TIMELINESS

Pursuant to his Rule 11 due diligence duties, Mr. Little was already familiar with Plaintiff's removal Petition-Complaint (Dkt. #1) and hence Mr. Little *already knew* that removal herein was effected in timely manner pursuant to 28 USC § 1446(b), and yet, he *still* intentionally lied to the Court (willfully made false and fraudulent material misrepresentations to this Court) about that.

Plaintiff's removal <u>Petition-Complaint</u> (Dkt. #1) clearly and succinctly verified timeliness of removal, so that there would be no question.  Starting on page 17 thereof, at the section entitled clearly and obviously enough as "TIMELINESS OF REMOVAL", paragraphs 21 and 22 thereof briefly detail the trigger circumstances authorizing me to file removal under 28 USC § 1446(b).

Contrary to Mr. Little's frivolous and arbitrary exploration of various possible trigger dates of his own speculation, he does not get to decide when I "first ascertained" my right of removal….

Removal to federal court is rare enough on its own, let alone this much rarer type of removal under Section 1443 that attorneys and judges themselves are unfamiliar with.  This Plaintiff did not even know about *the very existence* of removal prior, but facing obvious and imminent fraud with manifest "railroading" by a clearly corrupted state court process, this Plaintiff desperately searched for any and all possible legal avenues to obtain relief.  Because my federal due process and other federal rights had just been - *once again* - violated by the instant state court in denying my motion for continuance regarding my Daubert challenge to expert testimony, that state court denial order qualified and completed my parameters to remove after just learning about the same legal procedural device.  This Plaintiff then timely removed under 28 USC § 1446(b) using that order as the trigger document in writing received by me within the same first thirty (30) days of "first ascertaining" my right to remove.  It is and was a very simple matter, and clearly shown.

The instant removal action **was** timely filed pursuant to the provisions of federal law, and Mr. Little, being *already familiar* with this Plaintiff's same <u>Petition-Complaint</u>, *knew* that he was willfully, intentionally and fraudulently misrepresenting "untimeliness of removal" to this Court as false reasoning to also <u>trick and deceive this Court</u> into believing that as a basis for remand.

Mr. Little's wholly fraudulent portrayal about "untimeliness of removal" and his equally frivolous diatribe about arbitrary trigger dates of his own offering is exactly that – nothing but

pure fraud.  NONE of that applies herein, as removal <u>was</u> timely per 28 USC § 1446(b).  And, of course, the same clearly also goes for his entirely frivolous and fraudulent motion for sanctions.

Attorneys admitted to the bar of this Court must comply with the Texas professional ethics rules, and Mr. Little is presumed to have obeyed his Rule 11 *due diligence* ethics duties to *actually* read and review and comprehend all of the pleadings and filings Plaintiff had entered with the Clerk at case opening, including all of the *actual* issues and matters raised by the same.

Because Mr. Little is presumed to know his ethical and procedural duties, he has therefore *willfully* submitted *intentionally* fraudulent filings in this case in order to <u>trick and deceive this Court</u> into believing fraud and thereby dishonestly obtain manifest injustice in favor of his client.

Mr. Little is unquestionably guilty of grossly violating at least each of the following Rules of the Texas Disciplinary Rules of Professional Conduct: Rule 1.01 [Competent and Diligent Representation], Rule 1.02(c) [Scope and Objectives of Representation] (`"A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent."`), Rule 3.01 [Meritorious Claims and Contentions], Rule 3.02 [Minimizing the Burdens and Delays of Litigation], Rule 3.03 [Candor Toward the Tribunal], Rule 3.04 [Fairness in Adjudicatory Proceedings], Rule 3.05(a) [Maintaining Impartiality of Tribunal] (`"A lawyer shall not: (a) seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure"`), with multiple counts under Rule 8.04 [Misconduct] [violations thereunder of at least (a)(1), (a)(2), (a)(3), (a)(4), (a)(6), and (a)(12)], and because his actions include felonies involving moral turpitude, such as mail and wire fraud, obstruction of justice, and federal rights violations, Rule 8.04(b) thereof confirms Mr. Little is guilty of "serious crimes" towards all professional discipline, fines, sanctions, contempt, and etc.

Because Mr. Little's nefarious actions constitute not only gross professional misconduct against his ethical duties, but also felonies of moral turpitude such as federal mail fraud (18 USC § 1341: *Mr. Little mailed his false motion to remand in a scheme or artifice to defraud*), federal wire fraud (18 USC § 1343: *misusing the Court's ECF system in the same scheme or artifice to defraud*), attempted obstruction of justice (18 USC §§ 1503, 1506, and etc.), and federal rights violations (18 USC §§ 241 and 242: *the same scheme or artifice to falsely deprive this Plaintiff of my First Amendment rights of petitioning the government for redress of grievances, of having a fair trial in a court, and even of meaningful access to the courts, as well as falsely deprive me of my due process rights under the 5th and 14th Amendments*), and further demonstrate his pure disdain for this Court itself and its Rules, with also obvious disdain for maintaining the integrity of the legal profession, Mr. Little should now therefore face appropriate measure of punishments, including fines, sanctions, contempt (be it civil contempt and/or criminal contempt) plus have his law license revoked or suspended, not to mention striking his fraudulent and frivolous motion.

<u>MR. LITTLE FRAUDULENTLY MISREPRESENTED THE NATURE OF THIS REMOVAL</u>

Mr. Little's motion to remand fraudulently misrepresents that this Plaintiff has filed Section 1443 removal so as to "appeal" or "review" or "collaterally challenge" and/or "modify" *one or more <u>particular</u> state court judgments* within this federal district Court, i.e., Mr. Little has falsely alleged that this Plaintiff seeks for a federal court to act like a state court in either issuing and/or modifying one or more particular domestic relations orders, and under those same fraudulent allegations, Mr. Little then also proceeds further to frivolously argue about abstention/avoidance doctrines like *Rooker-Feldman*, *Younger*, and the domestic relations exception, so as <u>to falsely induce, trick and deceive this Court</u> into believing that such abstention doctrines apply herein.

NOTHING could be further from the truth. Mr. Little is not fit to retain his law license.

Pursuant to his Rule 11 due diligence duties, Mr. Little was already familiar with Plaintiff's removal <u>Petition-Complaint</u> (Dkt. #1) and all original filings, before ever submitting his motion to remand on behalf of Defendant Ho, and hence Mr. Little *already knew prior to his filing* that:

 a) NOWHERE within *any* of Plaintiff's pleadings or other filings is there ever named any *particular* state court order (save only the most recent state court event and that only incidentally as required by law for the simple purpose of showing *timely* removal);

 b) NOWHERE within *any* of Plaintiff's pleadings or other filings is there ever any type or kind or form of discussion or narrative about any *particularly* named state court order;

 c) NOWHERE within *any* of Plaintiff's pleadings or other filings is there ever any type or kind or form of argument – either for or against – any *particular* state court order;

 d) NOWHERE within any of Plaintiff's pleadings or other filings is there ever requested any form or kind of relief regarding any *particular* state court order;

 e) hence, NOWHERE within any of Plaintiff's pleadings or other filings is there even the remotest suggestion of seeking to "appeal" or to "review" or to "collaterally challenge" and/or to "modify" *any <u>particular state court judgment</u>* within this federal Court;

 f) and so also, Mr. Little already and clearly knew that Plaintiff had <u>never</u> challenged any *particular* state court order in this removal action, and he therefore also knew that his representations herein to the direct contrary were willfully and intentionally fraudulent, including knowing that his named abstention doctrines do not apply to this removal.

Pursuant to his Rule 11 due diligence duties, Mr. Little was already familiar with Plaintiff's removal <u>Petition-Complaint</u> (Dkt. #1) and all original filings, before ever submitting his motion to remand on behalf of Defendant Ho, and hence Mr. Little *already knew prior to his filing* that:

a) **the very first sentence** of said <u>Petition-Complaint</u> (Dkt. #1, at 1) sets overall tone by clearly stating: "… and <u>by formal facial challenges raised against unconstitutional state statutes upon the various federal questions involved</u>, does …" (emphasis in original);

b) page 2 of said <u>Petition-Complaint</u> reinforces: "this particular state case ***example*** of the ***common*** criminality evidenced ***in all similar Texas cases*** to intentionally violate the same fundamental rights, and the same willful criminality of Defendants in this instant case gives me ***legal standing*** to raise and bring the ***formal facial ("constitutional") challenges against repugnant state statutes that automatically violate every such litigant's fundamental rights at their very inception***." (emphases added);

c) page 5 of said <u>Petition-Complaint</u> clarifies: "Section 1443 removals are ***focused*** actions, and the direct gravamen and primal gist of every Section 1443 removal is – and must be, for validity – ***direct constitutional challenge(s) against one or more state statutes alleged to be constitutionally repugnant on their faces***, as here, hence the formal such <u>*Notice of Constitutional Questions*</u> contemporaneously filed…." (emphases added);

d) page 11 of said <u>Petition-Complaint</u> reinforces again: "During all materially relevant times herein, all Defendants – including Defendants Sherry and Ho – absolutely knew ***the entire "family court" case was wholly <u>void without ever having even the first iota</u> <u>of actually valid jurisdiction</u>***..." (emphases added);

e) page 11 of said <u>Petition-Complaint</u> reinforces yet again: "During all materially relevant times herein, all Defendants – including Defendants Sherry and Ho – absolutely knew that ***each of said such filings and that each child support order <u>in said void case</u> were/are legal nullities***, except ***each is proof of yet another separate criminal act by them***." (emphases added);

f) page 14 of said <u>Petition-Complaint</u> clearly expounded again: "Defendant State of Texas is the sole and proper party, by and through its duly elected Attorney General, to engage this matter in discussion and any ***defense of its own state statutes being facially challenged herein***. *See* the formal <u>Notice of Constitutional Questions to Texas State Statutory Schemes</u> filed … the Attorney General of the State of Texas upon all ***matters clearly affecting the public interest as a whole and also statewide***" (emphases added);

g) this Plaintiff's <u>Notice of Constitutional Questions to Texas State Statutory Schemes</u> (Dkt. #4) is clearly and obviously *a formal constitutional challenge to state statutes*;

h) this Plaintiff's <u>Certificate of Interested Persons and Entities</u> (Dkt. #7) clearly goes well beyond just merely listing persons involved *in only the instant state case* to list various persons and entities that are regarding **ALL such similar family court cases** across the ENTIRE State of Texas, *because this Plaintiff's Section 1443 removal action makes constitutional challenges to Texas' child custody statutes that affect the **entire** State*;

i) and so also, Mr. Little already and clearly *knew* that Plaintiff had only challenged the ***entire*** state family court system within this removal action, vis-à-vis <u>the formal facial constitutional challenges raised against Defendant Texas' child custody statutes</u>, and Mr. Little therefore also *knew* that his representations herein to conceal the same were willfully and intentionally fraudulent with intent to blind the Court and obstruct justice.

Altogether, before filing his false motion to remand, Mr. Little already *knew* that: (a) Plaintiff had never once improperly sought to "appeal" or "review" or "collaterally challenge" and/or to "modify" *any <u>particular state court judgment</u>* herein; (b) Plaintiff had repeatedly clarified that the purpose here in federal court via removal was to have *<u>the entire state court case declared as void</u>* for being based upon *<u>facially unconstitutional state child custody statutes</u>* that automatically

violate every natural parents' federal rights from the very moment of even opening any brand new such family court case; (c) hence none of his falsely suggested abstention doctrines actually apply to this removal whatsoever; and, (d) the **actual** point and nature of this Section 1443 removal action is a *statewide* constitutional challenge to Defendant Texas' child custody statutes and other directly related statutes via said formal <u>Notice of Constitutional Questions</u> filed herein.

<u>MR. LITTLE FRAUDULENTLY MISREPRESENTED ABOUT ABSTENTION DOCTRINES</u>

Mr. Little fraudulently misrepresented that the *Rooker-Feldman* doctrine (technically, it is a "preclusion" doctrine and not actually an "abstention" doctrine) applies to this case, but that is only based upon Mr. Little's other fraudulent misrepresentation that one (1) or more *particular* state court orders have ostensibly been challenged herein.  Again, <u>no</u> such situation exists herein.

Mr. Little also fraudulently misrepresented that the *Younger* abstention doctrine applies to this case, but *Younger* **only** applies to three (3) very narrow types of cases, including state criminal prosecutions, state quasi-criminal enforcement actions, and state cases regarding state executive and/or state legislative powers, none of which situations apply herein whatsoever, and moreover, there are three (3) exceptions to *Younger* abstention, and this case fits ***all*** three (3) exceptions.

Mr. Little also fraudulently misrepresented that the "domestic relations exception" applies to this case, but the "domestic relations exception" ***only*** applies (sometimes) within *diversity* cases, and since this case is not a diversity case at all, there is not even any possibility of application.

Further, abstention/avoidance/preclusion doctrines do **not** apply to Section *<u>1443</u>* removal.

Abstention/avoidance doctrines *sometimes* apply within the circumstances of a given state court case, but <u>not</u> always…  Mr. Little has fraudulently misrepresented that ALL federal suits involving state domestic relations cases are barred by the domestic relations exception and/or other such abstention doctrines, but Mr. Little already *knew* that this Plaintiff's <u>Memorandum of</u>

Law Clarifying Established Federal Jurisdiction is chock full of numerous federal case victories by parents upon all manner of state "domestic relations" case issues, hence he also *knew* that such numerous victories in federal court *could never have happened*, in the first place, if his own fraudulent misrepresentations, i.e., his false allegation that domestic relations cases are ***always*** barred from federal court review… were actually true.

Indeed, the majority of said same above Memorandum federal case victories included *express* denials of applicability of abstention doctrines, while in all of the rest, it is *necessarily* implied.

Moreover contrary to Mr. Little's ongoing false and fraudulent misrepresentations, the United States Supreme Court has made it very clear beyond question that simply because a federal case involves issues from a domestic relations case that is no moment to question federal jurisdiction.

"Parents have a fundamental right to the custody of their children, and the deprivation of that right effects a cognizable injury. See *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397, 71 L. Ed. 2d 599 (1982)." *Troxel v. Granville*, 530 U.S. 57, 68-69, 147 L. Ed. 2d 49, 120 S. Ct. 2054 (2000).  Again, the [unlawful] deprivation of a natural parent's child custody by state court action DOES effect a cognizable injury within the federal courts, i.e., within this Court, *and so on that ground alone*, this Plaintiff has already "well pled" a cognizable action herein.

Further, the U.S. Supreme Court expressly ruled, in *Ankenbrandt v. Richards*, 504 U.S. 689, 700 (1992), that federal tort cases, simply because they involve state domestic relations matters, are **not** excluded from federal court jurisdiction:

> An examination of Article III, *Barber* itself, and our cases since *Barber* makes clear that the Constitution does **not** exclude domestic relations cases from the jurisdiction otherwise granted by statute to the federal courts. (emphasis added)

The "domestic relations exception" is an exception made for ***diversity*** jurisdiction cases, *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), which this case is clearly not, but the holding of

*Ankenbrandt* cited just above necessarily covers any and all abstention/avoidance doctrines.  The

*Ankenbrandt* Court went further: " `[t]he District Court erred in abstaining from`

`exercising jurisdiction`" (*id*. at 690) (emphases added)

    In *Ankenbrandt*, the United States Supreme Court clearly explained in full:

> `The` *`Barber`* `Court thus did` **`not`** `intend to strip the federal courts of`
> `authority to hear cases arising from the domestic relations of`
> `persons` *`unless they seek the granting or modification of a divorce`*
> *`or alimony decree.`* (emphases added)  `The Court further added:` "`By concluding,`
> `as we do, that the domestic relations exception encompasses` **`only`**
> `cases involving` ***`the issuance of a divorce, alimony, or child custody`***
> ***`decree`***`, we necessarily find that the Court of Appeals erred by`
> `affirming the District Court's invocation of this exception.` (emphases
> added)

    In *Ankenbrandt*, they also provided several other cases that should prove instructive to this

Court, including: *Cole v. Cole*, 633 F. 2d 1083 (CA4 1980) (holding that the exception does not

apply in tort suits stemming from custody and visitation disputes); *Drewes v. Ilnicki*, 863 F. 2d

469 (CA6 1988) (holding that the exception does not apply to a tort suit for intentional infliction

of emotional distress); and, *Lloyd v. Loeffler*, 694 F. 2d 489 (CA7 1982) (holding that the

exception does not apply to a tort claim for interference with the custody of a child).

    Moreover, in *City Of Chicago v. Intern'l College Of Surgeons*, 522 U.S. 156 (1997), the Court

held that "`A case containing claims that local… action violates federal`

`law, but also containing state law claims for on-the-record review…,`

`can be removed to federal district court.`" The Supreme Court also clarified:

> `Defendants generally may remove any civil action brought in a State`
> `court of which the [federal] district courts... have original`
> `jurisdiction. 28 U.S.C. § 1441(a). The district courts' original`
> `jurisdiction encompasses cases arising under the Constitution, laws,`
> `or treaties of the United States, § 1331, and an action satisfies`
> `this requirement when the plaintiff's well-pleaded complaint raises`
> `issues of federal law,` *`Metropolitan Life Ins. Co. v. Taylor`*`, 481`
> `U.S. 58, 63.`

In *Chicago*, the Supreme Court again provided another listing of cases supporting the fact that the instant case can, should, and must be allowed to continue, including: *Franchise Tax Board*, 463 U.S., at 13; see also *id.*, at 27-28 (case arises under federal law when federal law creates the cause of action or... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law); *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936) (federal question exists when a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action); *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Hurn v. Oursler*, 289 U.S. 238 (1933*); Siler v. Louisville & Nashville R. Co.*, 213 U.S. 175 (1909); and, *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350-351 (1988) (discussing pendent claims removed to federal court).

In *Chicago*, the Supreme Court again explained what enables removal in state cases that have been already ongoing: "The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking."

In *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998), the United States Supreme Court reiterated the same principles: "We have suggested that the presence of even one claim "arising under" federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal. See *Chicago v. International College of Surgeons*, 522 U.S. ___, ___ (1997) (slip op., at 7-9)."; and they again provided even more cases instructive in the instant situation, including: *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 7-12 (1983); *Phelps v. Oaks*, 117 U.S. 236, 240-241 (1886); and*, Kanouse v. Martin*, 15 How. 198, 207-210 (1854).

The Seventh Circuit Court of Appeals has confirmed the above principles, by listing **even more cases** in _Maris Friedlander, aka Maris Freed, et al. v. Burton G. Friedlander_, 149 F.3d 739 (CA7 1998), that support removal in the instant matter, by stating:

```
The only question is whether the domestic relations exception to the
diversity jurisdiction bars the suit. That it does not is clear from
our decision in Lloyd v. Loeffler, 694 F.2d 489 (7th Cir. 1982),
which involved a suit for interference with custody, and from many
subsequent decisions, such as McIntyre v. McIntyre, 771 F.2d 1316
(9th Cir. 1985); DeRuggiero v. Rodgers, 743 F.2d 1009, 1018-20 (3d
Cir. 1984), and Stone v. Wall, 135 F.3d 1438 (11th Cir. 1998), all
similar to Lloyd--and, better yet, from Raftery v. Scott, 756 F.2d
335, 337-38 (4th Cir. 1985), and Drewes v. Ilnicki, 863 F.2d 469
(6th Cir. 1988), both cases like this one of intentional infliction
of emotional distress.
```

Mr. Little has fraudulently misrepresented that just because the underlying matters are about a state domestic relations case that _that_ somehow means suit here in federal court is _automatically_ barred.., but nothing could be further from the truth, as the Supreme Court has repeatedly ruled.

### [_Rooker-Feldman_ does <u>not</u> apply herein]

Though one might not always know it from reading federal cases, _Rooker-Feldman_ is a narrow jurisdictional doctrine.  It simply establishes that a party who loses a case in state court cannot _appeal_ that loss in a federal district court.  This is a straightforward enough rule, and the Supreme Court has held the line without hesitation for nearly a century.

An overly inflated view of the doctrine, widely shared though it may have been, was actually a misunderstanding – one that the Supreme Court has stepped in to correct.

The Supreme Court's decision in _Exxon Mobil Corp. v. Saudi Basic Industries Corp._ restored _Rooker-Feldman_ to its original boundaries.  544 U.S. 280 (2005).  The doctrine occupies "narrow ground" and is "confined to cases of the kind from which the doctrine acquired its name" – that is, _Rooker_ and _Feldman_. _Id_. at 284; _Rooker v. Fid. Tr. Co._, 263 U.S. 213 (1923); _D.C. Court of Appeals v. Feldman_, 460 U.S. 462 (1983).  Those

cases held that state court litigants do not have a right of *appeal* in the lower federal courts; they cannot come to federal district courts "`complaining of injuries caused by state-court` ***`judgments`*** `rendered before the district court proceedings commenced and inviting district court review and rejection of those` ***`judgments.`*`"`" *Exxon Mobil*, 544 U.S. at 284. (emphases added)

Only when a losing state court litigant calls on a district court to modify or "`overturn an injurious state-court` ***`judgment`*`"` should a claim be dismissed under *Rooker-Feldman*; district courts do not lose subject matter jurisdiction over a claim "`simply because a party attempts to litigate in federal court a matter previously litigated in state court.`" *Exxon Mobil*, 544 U.S. at 292–93. (emphasis added)  Nor is *Rooker-Feldman* "`simply preclusion by another name.`" *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

*Exxon Mobil* was a much-needed corrective, and the holdings of federal Circuit courts have since retreated to *Rooker-Feldman's* narrow boundaries, and have rested on *Feldman's* meaning: a "`claim that at its heart challenges` ***`the state court decision itself`***— and ***`not`*** ***`the statute or law which underlies that decision`***—`falls within the doctrine because it 'complains of injuries caused by state-court` ***`judgments`*`'` `and 'invites review and rejection of` ***`those judgments.`*`'`" *May v. Morgan County*, 878 F.3d 1001, 1005 (11th Cir. 2017) (alterations adopted) (quoting *Exxon Mobil*, 544 U.S. at 284). (emphases added)

Indeed, the Fifth Circuit has limited *Rooker-Feldman* even *further* than the *Exxon Mobil* ruling.  In *Gross v. Dannatt*, No. 18-10078 (CA5 2018), the Fifth Circuit held:

> `Accordingly, this court has limited the application of` *`Rooker-`* *`Feldman`* `to those cases in which "a party suffered an adverse` ***`final`*** ***`judgment`*** `rendered by` ***`a state's court of last resort.`*`"` *`Ill. Cent. R.`* *`Co. v. Guy`*`, 682 F.3d 381, 390 (5th Cir. 2012).  Many of our sister circuits have reached the same conclusion.` *`Gross`*`, at 3. (emphases added)`

*Rooker-Feldman* does NOT apply to this case because this Plaintiff is not challenging any merits of any *particular state court judgment*, but instead this Plaintiff is facially challenging <u>the very existence of the state court case</u>.  Again, the Petition-Complaint does NOT name or argue about any *particular state court judgment*, but all claims are general in nature as "Class claims" of all similarly-situated citizens defrauded by inception of <u>facially unconstitutional state statutes</u>.

### [*Younger* does <u>not</u> apply herein]

Just like the formerly out-of-control, expansive usage of *Rooker-Feldman*, the United States Supreme Court also recently pulled back the reins on similar out-of-control usage of *Younger*.

In *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 134 S.Ct. 584 (2013), the Supreme Court decisively ruled to dramatically limit the application of *Younger*.  See *Sprint*, at 588:

> We reverse the judgment of the Court of Appeals. In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (NOPSI) ("[T]here is no doctrine that ... pendency of state judicial proceedings excludes the federal courts.").
>
> *Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. This Court has extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions, see *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), or that implicate a State's interest in enforcing the orders and judgments of its courts, see *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). We have cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not "refus[e] to decide a case in deference to the States." *NOPSI*, 491 U.S., at 368, 109 S.Ct. 2506.
>
> [T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910)).

*Younger* **only** applies (and *only sometimes*) to: (1) state criminal prosecutions; (2) state civil proceedings that are "akin" to criminal prosecutions; and, (3) "extraordinary" situations of state judicial court proceedings regarding disputes over state executive and/or legislative authority.

The doctrine ***had*** been extended to state civil proceedings in aid of and closely related to state criminal statutes (*Huffman v. Pursue, Ltd.*, 420 U.S. 592, 43 L.Ed.2d 482, 95 S.Ct. 1200 (1975)), administrative proceedings initiated by a state agency (*Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 n.2, 91 L. Ed. 2d 512, 106 S. Ct. 2718 (1986)), or certain situations where the State has jailed a person for contempt of court (*Judice v. Vail*, 430 U.S. 327 (1977)), but the Supreme Court's ruling in *Sprint*, *supra*, has curtailed and limited even those.

What matters now, after *Sprint*, is that the instant state court case is NOT a criminal case, and it does **not** resemble the state enforcement actions the Supreme Court has found appropriate for *Younger* abstention.  It is not "akin to a criminal prosecution." *Huffman*, 420 U.S., at 604, 95 S.Ct. 1200.  Nor was it initiated by "the State in its sovereign capacity." *Trainor v. Hernandez*, 431 U.S. 434, 444, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977).  And the instant state court case is also obviously not a court case filed by Texas executive or legislative authorities to dispute power.

And, even ***if*** there was any remote consideration for *Younger* abstention, there are three (3) exceptions to *Younger* application, and this situation coincidentally fits under all three (3) of the same exceptions.  These three principal exceptions include: (a) patently unconstitutional statutes, (b) the lack of an adequate state forum, and/or (c) bad faith and/or harassment.

Again, we are here, *not* about merits of any particular state court judgment, but due to facially unconstitutional statutes that are void *ab initio* for totally false and illegal deprivation of citizens' federal constitutional rights upon the very inception of basing or processing any court case upon such void statutes.  The fact that officers of the state courts themselves are raking in boatloads of

illicit pecuniary benefits right off the backs of these same cases (defrauding the United States for Title IV-D reimbursements, i.e., false claims against the federal government, i.e., False Claims Act grounds), let alone that the same ***facially*** *unconstitutional* situation has incredibly persisted for decades already.., in spite of some of "the brightest legal minds" passing upon literally tens of thousands of appeals of such cases, and yet not a single once did *even one* higher state court judge notice that a litigant parent's constitutional rights had never been taken away under proper due process as a fundamental prerequisite to whatever else the case claimed it was about, clearly demonstrate together the total "lack of an adequate state forum" and utter futility to even suggest that one should simply ask the bad guys to stop being bad.  Indeed, this Plaintiff has already and duly alleged the obvious fact – that state court officers, since they also know that in all CPS ("child protection services") cases (termination of parental rights cases) they must "remove" or "terminate" the given parent's pre-existing constitutional rights of child custody, already know also that they (state court officers) are literally stealing and defrauding away the very exact same pre-existing rights from all natural parents within (divorce-and-similar-with-kids-involved) cases without ever once even bothering with any pre-deprivation due process, and that fact goes well beyond showing mere "bad faith and harassment" within the instant state case and all such cases.

*Sprint* narrowed application of Younger.  The instant state case is not criminal, nor does it fall under any appropriate application, and even *if* it did, the situation fits all three (3) exceptions.

Moreover, *Younger* does NOT apply to this case because this Plaintiff is not challenging any merits of any *particular state court* **judgment**, but instead this Plaintiff is facially challenging the very existence of the state court case.  Again, the Petition-Complaint does NOT name or argue about any *particular state court* **judgment**, but all claims are general in nature as "Class claims" of all similarly-situated citizens defrauded by inception of facially unconstitutional state statutes.

**[the *domestic relations exception* does <u>not</u> apply herein]**

The "domestic relations exception" applies **only** to diversity cases.  <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992).  This federal court Plaintiff has never claimed any diversity jurisdiction, at any time or anywhere, and the parties involved do not constitute any diversity situation, hence this case does not fall under diversity jurisdiction.

Accordingly, the "domestic relations exception" has absolutely no application herein.

**[*abstention* and similar doctrines simply do <u>not</u> apply to Section 1443 removal]**

The various kinds of "abstention" and similar doctrines, such as *Rooker-Feldman*, *Younger*, and so many others, are all and always about the single question of *whether or not to "intervene" into a state court case*.  The question is always: whether or not the given federal court should "abstain" from "intervening" (or should "avoid" "intervening") into the given state case, and the answer to that question is variable to the facts and law at play in each unique case.

Within any random federal lawsuit that has a nexus unto a given state case, or even within a "normal" removal filed under Section *1441* or under some of its seven sibling statutes, any particular abstention doctrine ***may or may not*** *apply*, depending upon the facts and law therein.

However, abstention-avoidance-preclusion doctrines and such related theories <u>cannot</u> and <u>never</u> apply to Section *1443* removal, which is purely in the nature of a "class action" (using only common "class claims") and that further tailored narrowly to just raising facial challenge(s) to one or more state statutes.  Section 1443 removal is not about any particular state court judgment or judgments, and it is not about the instant state court case *per se*, but Section 1443 removal focuses on pure allegations that state statutes unconstitutionally create void *ab initio* state cases and thereby automatically violate every citizens' established federal constitutional rights and/or other federal rights from the very original moments of creating such abhorrently void state cases.

It would not be logical, in the least, to wildly suggest, in this situation where the State has enacted facially unconstitutional statutes, and the State's state courts have routinely ignored the very same obvious constitutional infirmities for decades, and the same courts are demonstrated as inadequate forums, as it is patently unreasonable to suggest asking bad guys to stop being bad, that the Court magically approve of deferring jurisdiction right back to the problem challenged, let alone that the Court derelict its **very well established** jurisdiction to hear facial challenges.

Section 1443 is Congress' enactment of their stated purpose – "`to` **`ensure`** `an adequate forum in the federal courts for raising constitutional challenges to state statutes.`" (emphasis added)  This is also why Congress gave special rights to review on appeal from wayward remands of Section 1443, when "normal" removals have no such right.

While abstention, avoidance, preclusion and other such doctrines revolve around the basic question of whether or not to "intervene" into a state court case, Section 1443 is the direct and statutory authority for the federal court to do just exact that, allowing and authorizing the federal court to intervene in a state court case, in order to ensure an adequate forum for said challenges.

Such doctrines are limited to possible application or not in regards to *a particular, individual state court case*, but Section 1443 removal is not about any particular case – it is strictly about that entire *type* of state court case, about *all* such similarly-situated cases, about the void statutes.

INDEED, the direct authority of federal courts to "intervene" within a given state court matter in regards to violations of federal constitutional rights *is so strong*, that federal law gives direct and express authority to federal judges and federal magistrates (to the federal courts themselves) to have such wayward state actors and their co-conspirators ARRESTED along with mandatory duty under the same federal statutes to do just exactly that.  *See*, this Plaintiff's recent Motion Asserting Crime Victim Rights with Motion to Issue Mandatory Criminal Process.

Mr. Little already *knew* the <u>Petition-Complaint</u> fully clarified, on page 17 thereof, at ¶ 16: "… the precise, expressly-mandated, clear and unambiguous letter, spirit and intent of said statute – which is, in fact, <u>direct statutory authorization for the federal court to intervene into the state court matter</u>, for the Congressionally-enacted assurance of adequate forums to bring constitutional challenges in." (emphasis in original)

And likewise again, Mr. Little already *knew* the <u>Petition-Complaint</u> fully clarified in repeat again, on page 26 thereof, at ¶ 44: "… which exercise of jurisdiction to \*directly intervene\* into the state court matter complained of is expressly provided by primal statutory authority itself herein, to-wit: 28 USC § 1443." (emphasis in original)

Mr. Little *knew* prior to filing his motion to remand that abstention doctrines did not apply.

Attorneys admitted to the bar of this Court must comply with the Texas professional ethics rules, and Mr. Little is presumed to have obeyed his Rule 11 *due diligence* ethics duties to *actually* read and review and comprehend all of the pleadings and filings Plaintiff had entered with the Clerk at case opening, including all of the *actual* issues and matters raised by the same.

Because Mr. Little is presumed to know his ethical and procedural duties, he has therefore *willfully* submitted *intentionally* fraudulent filings in this case in order to <u>trick and deceive this Court</u> into believing fraud and thereby dishonestly obtain manifest injustice in favor of his client.

Mr. Little is unquestionably guilty of grossly violating at least each of the following Rules of the Texas Disciplinary Rules of Professional Conduct: Rule 1.01 [Competent and Diligent Representation], Rule 1.02(c) [Scope and Objectives of Representation] (`A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent.`"), Rule 3.01 [Meritorious Claims and Contentions], Rule 3.02 [Minimizing the Burdens and Delays of Litigation], Rule 3.03 [Candor Toward the Tribunal], Rule 3.04 [Fairness in Adjudicatory Proceedings], Rule 3.05(a) [Maintaining

Impartiality of Tribunal] ("`A lawyer shall not: (a) seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure`"), with multiple counts under Rule 8.04 [Misconduct] [violations thereunder of at least (a)(1), (a)(2), (a)(3), (a)(4), (a)(6), and (a)(12)], and because his actions include felonies involving moral turpitude, such as mail and wire fraud, obstruction of justice, and federal rights violations, Rule 8.04(b) thereof confirms Mr. Little is guilty of "serious crimes" towards all professional discipline, fines, sanctions, contempt, and etc.

Because Mr. Little's nefarious actions constitute not only gross professional misconduct against his ethical duties, but also felonies of moral turpitude such as federal mail fraud (18 USC § 1341: *Mr. Little mailed his false motion to remand in a scheme or artifice to defraud*), federal wire fraud (18 USC § 1343: *misusing the Court's ECF system in the same scheme or artifice to defraud*), attempted obstruction of justice (18 USC §§ 1503, 1506, and etc.), and federal rights violations (18 USC §§ 241 and 242: *the same scheme or artifice to falsely deprive this Plaintiff of my First Amendment rights of petitioning the government for redress of grievances, of having a fair trial in a court, and even of meaningful access to the courts, as well as falsely deprive me of my due process rights under the 5th and 14th Amendments*), and further demonstrate his pure disdain for this Court itself and its Rules, with also obvious disdain for maintaining the integrity of the legal profession, Mr. Little should now therefore face appropriate measure of punishments, including fines, sanctions, contempt (be it civil contempt and/or criminal contempt) plus have his law license revoked or suspended, not to mention striking his fraudulent and frivolous motion.

MR. LITTLE FRAUDULENTLY MISREPRESENTED IMPROPRIETY OF REMOVAL

Mr. Little has also falsely portrayed that Section 1443 removal (always, absolutely) requires that some particular state *statute* directly authorizes discrimination, but also contradicts himself in *admitting* that it is also valid to remove via Section 1443 upon *application* of discrimination.

23

On pages 7-8 of his motion to remand, Mr. Little stated:

28 U.S.C. § 1443(1) permits a defendant to remove a civil action to federal court where a state court will not enforce a federal law providing for equal civil rights of citizens. See *City of Greenwood v. Peacock* 384 U.S. 808 (1966); *Georgia v. Rachel*, 384 U.S. 780 (1966). Removal of an action on these grounds requires a two-prong test: (1) a person must be deprived of a specific federal right pertaining to racial equality that is protected by a federal statute; and (2) the person must show that he or she will be deprived of the federal right due to the existence of a state constitution or statute mandating the discrimination **or because adjudication of the claim by the state court would inherently violate federal law.** Id. (emphasis added)

Yet, his express intent, see his same motion to remand, at page 8, note 5, is to make this Court believe that *application* of discrimination is insufficient, and that an actual state statute or other express law that directly and expressly authorizes discrimination on its face, is what is required.

That is false.  Automatic federal rights violations occurring *as applied* is sufficient.  An actual state law authorizing discrimination would be *prima facie* validity, but *application*, particularly when said unconstitutional application is routine, pervasive, and widespread, is legally sufficient.

"[T]he vindication of the [criminal] defendant's federal rights is left to the state courts *except in the rare situations where it can be clearly predicted by reason of* **the operation** of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the [criminal] defendant to trial in the state court." *City of Greenwood v. Peacock*, *supra*, at 828. (emphases added)

Without question "the operation" just above means *application* of law, i.e., law *as applied*, and so to automatically perpetrate vast and routine patterns and practices of racial discrimination by general misapplication of state statutes to automatically steal other basic federal rights from, and to defraud, all White citizens who are dragged through their facially void process, is squarely within the bounds of proper Section 1443 removal, as racial discrimination is prohibited by, in

fact, quite a number of federal statutes, some of which were *already included* within the original Petition-Complaint, namely 42 USC §§ 1981 (express), 1983 (nested), 1985 (nested), 1986 (nested), and 2000b-2 (nested) (which necessarily points to § 2000a, another express statute).

There is no denying the underlying merits of this federal challenge case:

(a) all natural [biological] parents **already have** full and fully vested child custodial rights to their child/ren from the very moment(s) of each such said child's birth;

(b) the aforementioned rights are constitutionally-protected rights of the highest order, clearly entitled to at least all of same due process protections that are afforded for the enumerated rights within the federal Constitution, if said rights are not already necessarily included as part of the rights inherent under the Ninth and/or Tenth Amendments;

(c) the required constitutional due process protection of those rights implicates rights at least under the First, Fifth, and Fourteenth Amendments, as well as implicates issues under Article 1, Section 10 of the federal Constitution;

(d) those same pre-existing, constitutionally protected rights of child custody cannot be taken away ("removed" or "terminated") by any state action, unless and until there is *first* proven, by *clear and convincing* evidence under full due process, something of very serious nature in imminent harm to the given minor child/ren (serious abuse, serious neglect, and/or abandonment of said child/ren), i.e., state action regarding parental rights is limited strictly and only to "removing" or "terminating" a given parent's child custodial rights upon the required legal proof of serious unfitness via a *bona fide* CPS/TPR (child protection services/termination of parental rights) type of case;

(d) without proof of serious unfitness achieved via such CPS/TPR case conducted under constitutionally-compliant procedures, both of the natural (biological) parents of any given child/ren are legally presumed as equally fit parents;

(e) presuming legal fitness, those same child custodial rights (***direct blood*** relationships / direct kinships ***of the first degree***) are fully and equally shared by both said fit natural parents, regardless of any marriage or cohabitation or not between such parents (either of which is an arrangement between persons of ***non-blood*** relationship);

(f) the State and its state courts cannot simply and completely ignore those pre-existing and fully-vested child custodial rights;

(g) therefore, Defendant Texas' state child custody statutes are facially unconstitutional for illegally doing exactly that – falsely creating court cases that *automatically* deprive citizen parents of those pre-existing federal rights by completely and totally ignoring those rights, even without pre-deprivation notice of any kind, and then pretending further falsely via absolutely void dog-and-pony-show proceedings that either or both parents *might* be given *back* part or all of their same pre-existing rights after the state court "awards" or "grants" those very same rights which were never even taken away ("removed" or "terminated") in the first place;

(h) in addition to all of that facial infirmity in wholly fraudulent and total deprivations of constitutionally-protected rights without ANY pre-deprivation due process whatsoever, said same state statutes are also repugnant to the same federal Constitution for falsely pretending within all such similar cases that the custodial rights of minor children may be changed under mere *preponderance* evidentiary standards, when in fact the *clear and convincing* evidentiary standard is always required for any such process involving ***direct blood*** relationships, let alone ***direct blood relationships of the first degree***;

(i) although state courts reasonably have jurisdiction to settle matters between ***non-blood*** relationship parties (dissolution of marriage, legal separation, and similar issues between formerly cohabitating adult persons), state courts have absolutely **no** jurisdiction over said ***direct blood*** relationships between each and every natural parent and his or her child/ren, *unless and until* a given CPS/TPR case establishes serious parental unfitness via full due process *first*;

(j) that in addition to those above facial constitutional infirmities (Defendant Texas' state courts have no jurisdiction in the first place to be in any way involved with any parent-child relationships without first establishing serious unfitness, complete and total deprivations of the same pre-existing rights without any notice or any due process of any kind, and further falsely attempting all of that via mere preponderance which is legally insufficient on its face), all such rogue state court cases are also constitutionally void on their faces for illegally allowing direct pecuniary conflicts of interest by state court judges, local prosecutors, clerks and even the counties themselves in regards to every Title IV-D child support case, which further relates to the federal Consumer Credit Protection Act claims raised herein as well as also to the federal False Claims Act claims raised herein, hence those state statutes are also generally named and also facially challenged herein;

(k) all such state statutory schemes, all predicated upon the federal Government's enactment of "welfare" laws that were designed strictly to help provide support of children *abandoned* by their parents (hence, welfare laws like Title IV-D including provisions for child support orders strictly within the follow-up context of CPS/TPR cases...), have been grossly misapplied via the other above constitutional infirmities into a completely falsified systemic welfare scam against all natural parents dragged into and through such facially void state court cases;

(l) either the primary reason, or at least a significant attendant reason, for perpetrating all of these clear and obvious patterns and practices of routine daily fraud against all said pre-existing rights is an unlawful systemic influence of Anti-White-Male ideology to falsely and fraudulently steal and destroy the monies, property, constitutional rights and freedoms, and even the flesh and blood children, of Caucasian parents as part and parcel of the general Anti-White discriminatory ideology already pervasive, with an acute emphasis as to the Anti-White-Male subset ideology;

(k) accordingly, all such said repugnant state statutes must be struck down for said multiple infirmities in violation of the federal Constitution, or at minimum corrected to constitutional compliance; and,

(l) therefore this Plaintiff has exampled his own such similar state court case merely for legal standing purposes as equally important to raising each of the multiple federal causes of action herein, i.e., not just via Section 1443 removal, but also said claims under the Consumer Credit Protection Act, said claims under the False Claims Act, claims regarding discrimination in places of public accommodation, and etc. – *see* again, the <u>Petition-Complaint</u>, which will be amended.

## <u>MR. LITTLE FRAUDULENTLY MISREPRESENTED REMOVAL AS THE ONLY CAUSE</u>

Speaking of which…

Mr. Little also fraudulently misrepresents that Section 1443 removal is the ***only*** federal cause of action that has been filed, raised and is now at bar within this Track 3 complex litigation case, as false reasoning to <u>trick and deceive this Court</u> into ignoring **all** the other federal causes raised.

Mr. Little "conveniently" forgets to mention that the common "Class claims" presented by this Plaintiff are just as equally viable and valid under good faith Section 1443 removal as they are also perfectly suited for this Plaintiff's other main causes of action herein, i.e., said claims under the Consumer Credit Protection Act, said claims under the False Claims Act, claims

regarding discrimination in places of public accommodation, and etc.  Indeed, Mr. Little appears to go to great lengths in just consistent failures to ever even mention any of those other causes, as if his fraud to mislead, trick and deceive this Court into totally ignoring all of the other federal causes of action already raised herein is in any way, shape or form ethical or lawful or proper.

This Plaintiff's very same general and common "Class claims" – that the underlying state court case type and all similarly-situated cases are all wholly void in repugnance of the federal Constitution, are just as viable and valid for claims under the Consumer Credit Protection Act (all such child support orders are absolutely void for total lack of due process, hence unlawful and unenforceable pursuant to 15 USC § 1673(c) of the CCPA), they are just as viable and valid for purposes of claims under the False Claims Act (because all such Title IV-D child support orders are void *ab initio* and also because the state court officers themselves already knew that and yet still daily and knowingly participated in ongoing willful submissions of false Title IV-D reimbursement claims from the United States), they are just as viable and valid for purposes of claims of discrimination in places of public accommodations, and so forth and so on.

So, Mr. Little affirmatively (but by continual omissions of the same intent) defrauded about the very existence of all of these other established federal causes of action already raised herein.

Attorneys admitted to the bar of this Court must comply with the Texas professional ethics rules, and Mr. Little is presumed to have obeyed his Rule 11 *due diligence* ethics duties to *actually* read and review and comprehend all of the pleadings and filings Plaintiff had entered with the Clerk at case opening, including all of the *actual* issues and matters raised by the same.

Because Mr. Little is presumed to know his ethical and procedural duties, he has therefore *willfully* submitted *intentionally* fraudulent filings in this case in order to <u>trick and deceive this Court</u> into believing fraud and thereby dishonestly obtain manifest injustice in favor of his client.

Mr. Little is unquestionably guilty of grossly violating at least each of the following Rules of the Texas Disciplinary Rules of Professional Conduct: Rule 1.01 [Competent and Diligent Representation], Rule 1.02(c) [Scope and Objectives of Representation] (`A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent.`"), Rule 3.01 [Meritorious Claims and Contentions], Rule 3.02 [Minimizing the Burdens and Delays of Litigation], Rule 3.03 [Candor Toward the Tribunal], Rule 3.04 [Fairness in Adjudicatory Proceedings], Rule 3.05(a) [Maintaining Impartiality of Tribunal] (`A lawyer shall not: (a) seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure`"), with multiple counts under Rule 8.04 [Misconduct] [violations thereunder of at least (a)(1), (a)(2), (a)(3), (a)(4), (a)(6), and (a)(12)], and because his actions include felonies involving moral turpitude, such as mail and wire fraud, obstruction of justice, and federal rights violations, Rule 8.04(b) thereof confirms Mr. Little is guilty of "serious crimes" towards all professional discipline, fines, sanctions, contempt, and etc.

Because Mr. Little's nefarious actions constitute not only gross professional misconduct against his ethical duties, but also felonies of moral turpitude such as federal mail fraud (18 USC § 1341: *Mr. Little mailed his false motion to remand in a scheme or artifice to defraud*), federal wire fraud (18 USC § 1343: *misusing the Court's ECF system in the same scheme or artifice to defraud*), attempted obstruction of justice (18 USC §§ 1503, 1506, and etc.), and federal rights violations (18 USC §§ 241 and 242: *the same scheme or artifice to falsely deprive this Plaintiff of my First Amendment rights of petitioning the government for redress of grievances, of having a fair trial in a court, and even of meaningful access to the courts, as well as falsely deprive me of my due process rights under the 5th and 14th Amendments*), and further demonstrate his pure disdain for this Court itself and its Rules, with also obvious disdain for maintaining the integrity

of the legal profession, Mr. Little should now therefore face appropriate measure of punishments, including fines, sanctions, contempt (be it civil contempt and/or criminal contempt) plus have his law license revoked or suspended, not to mention striking his fraudulent and frivolous motion.

<u>MR. LITTLE FRAUDULENTLY MISREPRESENTED ABOUT RULE 11 SANCTIONS</u>

To say nothing of Mr. Little's grossly fraudulent motion to remand and continually frivolous arguments, he has also affirmatively defrauded about *even the availability* of Rule 11 sanctions.

Mr. Little *knew* already that a motion for Rule 11 sanctions must **not** be filed with the Court until after first tendering same to the allegedly offending party/counsel and allowing up to 21 days for the allegedly offending paper to be withdrawn.  Rule 11(c)(2), F.R.Cv.P.  Mr. Little also *knew* already that a motion for Rule 11 sanction must be filed *separately* from any other motion.  Rule 11(c)(2), F.R.Cv.P.   Rule 11(c)(1) provides that sanctions may be initiated by motion and/or on the Court's own initiative.   If by motion, it must be served first on the offender pursuant to Rule 5, but shall not be filed with or presented to the Court unless within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.   This provision is known as the "safe harbor" provision to the Rule.  Every motion must "be made separately from other motions and requests and ...describe the specific conduct alleged to violate" the Rule.  Mr. Little's failures to comply with procedural duties bars consideration of his motion.  *Travelers Ins. Co. v. St. Jude Medical Office Bldg., L.P.*, 154 F.R.D. 143, 144 n.4 (E.D. La. 1994); *Dunn v. Pepsi-Cola Metro. Bottling Co.*, 850 F. Supp. 853, 856. N. 4 (N.D. Cal. 1994).

By affirmatively refusing to obey either duty, and instead trying to "pull a fast one" upon this Court and this Plaintiff, Mr. Little is clearly guilty of affirmatively fraudulent misrepresentations, not to mention that the same acts constitute crime to defraud monies, and are punishable by law.

Mr. Little *knew* his same motion for Rule 11 sanctions, in addition to being grossly frivolous, was barred from even any possibility of relief for failing those clear and well established duties.

Moreover, and incredibly, Mr. Little's "motion for sanctions" repeatedly asks the Court to unlawfully award him monies *in the form of child support enforcement* (???), which Mr. Little absolutely *knew* already is an impossible form of relief within the federal courts.  He clearly knew that federal courts cannot "issue" or "modify" or "decree" any child support orders or any other monies attendant thereof.

Attorneys admitted to the bar of this Court must comply with the Texas professional ethics rules, and Mr. Little is presumed to have obeyed his Rule 11 *due diligence* ethics duties to *actually* read and review and comprehend all of the pleadings and filings Plaintiff had entered with the Clerk at case opening, including all of the *actual* issues and matters raised by the same.

Because Mr. Little is presumed to know his ethical and procedural duties, he has therefore *willfully* submitted *intentionally* fraudulent filings in this case in order to <u>trick and deceive this Court</u> into believing fraud and thereby dishonestly obtain manifest injustice in favor of his client.

Mr. Little is unquestionably guilty of grossly violating at least each of the following Rules of the Texas Disciplinary Rules of Professional Conduct: Rule 1.01 [Competent and Diligent Representation], Rule 1.02(c) [Scope and Objectives of Representation] ("`A lawyer shall not assist or counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent.`"), Rule 3.01 [Meritorious Claims and Contentions], Rule 3.02 [Minimizing the Burdens and Delays of Litigation], Rule 3.03 [Candor Toward the Tribunal], Rule 3.04 [Fairness in Adjudicatory Proceedings], Rule 3.05(a) [Maintaining Impartiality of Tribunal] ("`A lawyer shall not: (a) seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure`"), with multiple counts under Rule 8.04

[Misconduct] [violations thereunder of at least (a)(1), (a)(2), (a)(3), (a)(4), (a)(6), and (a)(12)], and because his actions include felonies involving moral turpitude, such as mail and wire fraud, obstruction of justice, and federal rights violations, Rule 8.04(b) thereof confirms Mr. Little is guilty of "serious crimes" towards all professional discipline, fines, sanctions, contempt, and etc.

Because Mr. Little's nefarious actions constitute not only gross professional misconduct against his ethical duties, but also felonies of moral turpitude such as federal mail fraud (18 USC § 1341: *Mr. Little mailed his false motion to remand in a scheme or artifice to defraud*), federal wire fraud (18 USC § 1343: *misusing the Court's ECF system in the same scheme or artifice to defraud*), attempted obstruction of justice (18 USC §§ 1503, 1506, and etc.), and federal rights violations (18 USC §§ 241 and 242: *the same scheme or artifice to falsely deprive this Plaintiff of my First Amendment rights of petitioning the government for redress of grievances, of having a fair trial in a court, and even of meaningful access to the courts, as well as falsely deprive me of my due process rights under the 5th and 14th Amendments*), and further demonstrate his pure disdain for this Court itself and its Rules, with also obvious disdain for maintaining the integrity of the legal profession, Mr. Little should now therefore face appropriate measure of punishments, including fines, sanctions, contempt (be it civil contempt and/or criminal contempt) plus have his law license revoked or suspended, not to mention striking his fraudulent and frivolous motion.

<u>MR. LITTLE DISOBEYED EVEN BASIC RULES OF PROCEDURE IN BAD FAITH</u>

Mr. Little failed to make any attempt in motion pre-conference regarding opposition or not to his said motion to remand, which pre-conference is intended to be conducted in good faith and to actually discuss merits (and he would've saved himself from serious trouble if he had complied).

Mr. Little failed to serve ALL parties copies of his motion to remand, in clear violations of the Rules – *see* his Certificate of Service, which clearly speaks of service ONLY upon this Plaintiff.

Mr. Little failed the basic federal rules of properly entitling his filing, i.e., the correct title was supposed to have been **Defendant Trish Ho's** Motion to Remand (with or without *et seq.*), or **Defendant-Respondent Trish Ho's** ..., but his title of merely "Motion to Remand and Brief in Support" without identifying *any* party, *at all*, whatsoever, doesn't cut even the basic mustard.

Mr. Little also failed to properly number paragraphs per the Rules – but instead he repeatedly restarted at paragraph 1 over and over and over again.

*Even further*, Mr. Little failed procedural good faith in filing *any* such motion to remand, as opposed to simply awaiting the First Amended Complaint that he had already been duly notified about.  *See* this Plaintiff's repeated reminders of pending amendment of the original pleading in the Petition-Complaint, at pages 19, 37, 39 and 42, not to mention that Mr. Little was duly aware of that particular filing itself, i.e., the Notice of Pending Amendment itself.  As such and being so duly aware, he knew his same frivolous motion to remand was also premature and in bad faith.

Finally, if Mr. Little suggested that he had "difficulty" in understanding this Plaintiff's filings then his remedy was to file a motion for more definitive statement under Rule 12(e) – not to just file a motion to remand and complain about "prolix" language of complaint pending amendment.

<u>AUTHORITIES UNDER WHICH THE COURT MAY PUNISH MR. LITTLE</u>

Mr. Little grossly misrepresented all substantial points of his motion to remand, it was either entirely or largely frivolous on its face, it was intended to trick and deceive this Court, and it was intended to defraud this Plaintiff's rights and interests, as well as to obstruct justice, it was filed in clear bad faith, it grossly violated his ethics duties in **many** respects, and it was also filed in numerous violations of even the most basic procedural, format, and other rules, demonstrating **not only** that Mr. Little should be harshly fined, sanctioned, also held in civil and/or criminal contempt, and otherwise punished, **but also** that his law license should be revoked or suspended.

The Court may punish Mr. Little under 28 USC § 1927 for filing a baseless and deceptive motion, for pursuing a litigation position after it becomes apparent that the asserted position is devoid of merit, for taking frivolous legal positions, for engaging in misconduct that extends or encumbers the judiciary process, and for similar misconduct evidenced by Mr. Little's acts. *Id*.

The Court may punish Mr. Little under 18 USC § 401(2) and/or (3), for his gross misbehavior in his official transactions, and/or for his gross disobedience to the Local Rules of this District, which expressly incorporate all of the Texas Disciplinary Rules of Professional Conduct. *Id*.

The Court may punish Mr. Little under 18 USC § 402, as contempt for his acts being of such character that they also constitute any criminal offense under any statute of the United States or under the laws of any State in which the act was committed, including a fine of any amount in the form of restitution or other compensation to this Plaintiff party so injured by his acts, also a fine in the maximum amount of $1000 payable to the United States, and up to six (6) months of imprisonment. *Id*.

Such restitution payable to this Plaintiff includes *pro se* attorney's fees available within the federal courts over First Amendment issues.  Upon having to respond to such a wildly fraudulent and wholly frivolous motion to remand, this Plaintiff had to work an unreasonable number of hours to defend my First Amendment rights of petition for redress of grievances, and of liberty, and of familial association, and that reasonable amount of incurred fees is $1800 herein.

Last, but certainly not least, is the Court's inherent power.  The power of federal courts to curb abusive litigation practices through the use of inherent powers is well established.  Inherent powers are not governed by rules or statutes.  They flow from the nature of the judicial institution itself—powers that "are necessary to the exercise of all others." *United States v. Hudson*, 7 Cranch 32, 24 L. Ed. 259 (1812). Inherent powers include the power to issue

contempt sanctions; the power to impose obedience, respect and decorum, and submission to lawful court mandates; and—most significantly for present purposes—the "'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).  In the leading modern decision, *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991), the Supreme Court made clear that the existence of a sanctioning scheme in statutes and rules does not displace the Court's inherent power to impose sanctions for Mr. Little's bad faith conduct.  "These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than the other means of imposing sanctions." *Id.* at 46.

The imposition of inherent power sanctions is appropriate when the offender has willfully abused judicial process or otherwise conducted litigation in bad faith.  *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986), cert. denied, 479 U.S. 1033 91987); *Kreager v. Solomon & Flanagan*, P.A. 775 F.2d 1541, 1542-43 (11th Cir. 1985); *Lipsig v. Nation Student Mktg. Corp.*, 663 F.2d 178, 180-81 (D.C. Cir. 1980); *Link v. Walbash R.R.*, 370 U.S. 626, 632 (1962).

<u>MOTION FOR SANCTIONS,</u>
<u>OR IN THE ALTERNATIVE,</u>
<u>MOTION FOR ORDER TO SHOW CAUSE</u>

Plaintiff incorporates all above paragraphs, *supra*, by reference the same as if they had been fully set forth herein. (H.I.)

Federal courts are empowered to "protect the administration of justice by levying sanctions in response to abusive litigation practices." *Kovilic Const. Co., v. Missbrenner*, 106 F.3d 768, 772-73 (7th Cir. 1997); *Brockton Sav. Bank v. Peat,*

*Marwick, Mitchell & Co.*, 771 F.2d 5, 11 (1st Cir. 1985), cert. denied, 475 U.S. 1018 (1986), quoting *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981).

Mr. Little's misconduct was clearly in gross bad faith, also as grossly abusive, being even criminal in nature and acts, Mr. Little was entirely or largely frivolous throughout his motion to remand, and he wildly intended to trick and deceive the Court in literally all respects towards falsely obtaining manifest injustice achieved in favor of his client. He is not fit to practice law.

Mr. Little has frivolously and in bad faith caused Plaintiff to incur unreasonable expenses and time in said First Amendment issues of responding to something so fraudulently and frivolously misrepresented in literally all respects and the amount of those compensatory/restitution damages is $1800 which should be ordered payable to this Plaintiff and against Mr. Little individually.

In *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991), sanctions in the form of attorney's fees and expenses totaling almost $1 million were upheld by the Supreme Court for the bad faith litigant's (1) attempt to deprive the court of jurisdiction by acts of fraud, (2) filing false and frivolous pleadings, and (3) attempting, by other tactics of delay, oppression, harassment, and massive expense, to reduce the respondent to exhausted compliance – EXACTLY as happened herein.

Accordingly, Plaintiff states that an amount of $10,000 USD in fines is reasonable enough to satisfy the costs and expenses of the frivolous and vexatious waste of the Court's and Clerk's and parties' precious time and resources, and that the Court should order such a fine on Mr. Little.

Further, Mr. Little may be sentenced to a maximum of six (6) months for criminal contempt of the administration of justice, and the Court has power to suspend his license to practice law.

If the Court is of the opinion that Mr. Little should be given notice and opportunity to respond prior to the imposition of punishment(s), then Plaintiff moves in the alternative for the Court to issue its appropriate Order to Show Cause why Mr. Little should not be so punished.

<u>FINAL NOTES, CONCLUSION, AND SUMMARY PRAYER FOR RELIEF</u>

Because Mr. Little has used the same scheme or artifice to falsely deprive this Plaintiff of my First Amendment rights of petitioning the government for redress of grievances, of having a fair trial in a court, and even of meaningful access to the courts, as well as falsely deprive me of my due process rights under the 5th and 14th Amendments, these are new civil damages caused by Mr. Little in conspiracy with his client, Defendant Ho, and therefore Plaintiff now claims such damages in the amount of $85,000 jointly and severally against them both and individually, and if any such illicit remand occurs based upon any portion of Mr. Little's said misrepresentations, therefore further completing such injurious acts and violations in full, then Plaintiff claims upon such completion of criminal and civil wrongdoing shall be a minimum of $400,000 jointly and severally against them both and individually.  And if Mr. Little or any other party and/or counsel herein mistakenly thinks that obtaining a falsified remand will in any way help them, then they obviously do not understand that this case is the SAME case as the state court case, that ALL of the new complaints, and new claims, and facial challenges raised against Texas' state statutes, and ALL of the newly-joined parties herein (counter and cross-defendants), and everything else newly raised herein, are **all** still the same within the state court upon any such remand, and that all service of process has been conducted upon all new Defendants, the clock is still ticking for Answers or to plead otherwise, and adding another defendant party like Mr. Little is essentially the very same task and just as straightforward within the state court as it is to add him herein.

Moreover, here in federal court the causes are limited to "Class claims" and Defendant Ho is – or was – the Defendant with the least nexus to such claims, but upon any remand back to state court, ***everything*** that ever happened there is fair game for amendment of claims and damages…

Moreover, his client, Trish Ho, now has **solid** grounds to sue Mr. Little for gross malpractice.

38

Upon all above premises duly considered, the Court should now DENY and even STRIKE the wholly fraudulent and frivolous motion to remand that was filed by Mr. Little in conspiracy with his client to grossly defraud, the Court should now order Mr. Little to compensate this Plaintiff in the amount of $1800 as reasonable *pro se* attorney's fees to defend First Amendment rights and issues, rendering the same as judgment in favor of Plaintiff and letting execution thereupon lie, the Court should further fine, sanction and/or otherwise punish Mr. Little in a reasonable amount of $10,000 to compensate the United States, the Court should also now suspend Mr. Little's license to practice law, the Court should also now sentence Mr. Little up to six (6) months of imprisonment for blatant criminal contempt and criminal misconduct, and the Court should also now refer his egregious professional misconduct to the proper authorities for further discipline.

Plaintiff-Petitioner sayeth further naught.

**WHEREFORE**, the Plaintiff-Petitioner, David E. O'Connor, moves the Court to DENY and even STRIKE Mr. Little's motion to remand filed on behalf of Defendant Trish Ho, to further punish Mr. Little with appropriate fines, sanctions, suspension of law license, and an order of restitution in the amount of $1800 to reasonably compensate Plaintiff under First Amendment issues for having to respond to Mr. Little's fraudulent misrepresentations, and the undersigned Plaintiff also prays for all other relief that is true, lawful, just, and proper within these premises.

Respectfully submitted,

/s/ David E. O'Connor /s/

_____
David E. O'Connor
307 Angus Drive
Cedar Park, TX  78613
Tel:   (512) 998-0313
Email:   54guitlite96@att.net
*Plaintiff-Petitioner Party of Record*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify:  that on this  9th day of November, 2022, a true and complete copy of the above *Plaintiff's response to Defendant Ho's motion to remand, et seq.*, by ECF system unto parties whose counsel have entered their digital appearances herein, has been duly served upon:

*(Cross-Defendant State of Texas)*
c/o Scot M. Graydon, SBN 24002175
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548
T:(512) 463-2120 / Fax (512) 320-0667
Em: Scot.Graydon@oag.texas.gov

*(Counter-Defendant Trish Ho)*
c/o Eric R. Little, SBN 24014596
Law Office of Eric R. Little
219 Texas Avenue
Bacliff, TX  77518
Tel./Fax 888/404.0777
eric@erllaw.com

*(Cross-Defendant Dalrymple etc.)*
c/o Mike Pipkin, SBN. 16027020
Chris Valetine SBN 24104313
Weinstein Radcliff, Pipkin LLP
8350 N. Central Exp,  Suite 1550
Dallas, Texas 75206
T:469.629.5300 F: 214.865.6140
E:mpipkin@weinrad.com
cvalentine@weinrad.com

*(Cross-Defendant Thompson etc.)*
c/oMichael B. Johnson SBN 24029639
Samantha C. Lewis SBN. 24105405
2801 Via Fortuna, Suite 300
Austin, TX 78746
T:(512) 708-8200 F: (512) 708-8777
E: mjohnson@thompsoncoe.com

*and* by depositing same on the 10th day of November 2022 via first class postage prepaid mail, USPS, has been duly served upon :

*(Statutory Intervenor United States)*
c/o U.S. Attorney General Merrick Garland
Office of the United States Attorney
General  U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

*(Statutory Intervenor United States)*
c/o U.S. Attorney Ashley C. Hoff
Office of the U.S. Attorney TXWD
903 San Jacinto Blvd
Suite 334
Austin, TX  78701

*(Cross-Defendant Jan Soifer)*
Jan Soifer, SBN 18824530
c/o 345th Civil District Court
1000 Guadalupe, 5th Floor
Austin, TX  78701

*(Cross-Defendant Karin R. Crump)*
Karin R. Crump, SBN 90001588
c/o 250th Civil District Court
1000 Guadalupe, 4th Floor
Austin, TX  78701

*(Cross-Defendant Alissa Sherry)*
Alissa Sherry, Ph.D.
c/o Legal Consensus, PLLC
901 S. MoPac Expressway #300
Austin, TX  78746

/s/ David E. O'Connor /s/
_____
David E. O'Connor