**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID E. O'CONNOR,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **STATE OF TEXAS; JAN SOIFER;** | § | **1-22-CV-1047-LY-ML** |
| **KARIN R. CRUMP; THOMPSON** | § | |
| **SALINAS & LONDERGAN;** | § | |
| **DALRYMPLE SHELLHORSE ELLIS** | § | |
| **& DIAMOND; ALISSA SHERRY; and** | § | |
| **TRISH HO,** | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Trish Ho's Motion to Remand (Dkt. #18), the State of Texas's Motion

to Remand (Dkt. #29), TSL's Motion to Remand (Dkt. #34), various other motions, and all related

briefing.[1] Having considered the pleadings, the relevant case law, and the entire case file, the

undersigned issues the following Report and Recommendation to the District Court.

**I. BACKGROUND**

Plaintiff David O'Connor, M.D., proceeding pro se, removed this case from state court.

Dkt. #1 at 1. As indicated on the first page of the removal notice, the state court matter was titled

"*In the Interest of L.T.O., A Child*," and was cause number D-1-FM-15-003965 in the 345th Judicial

District Court of Travis, Texas. *Id*. In a 40-page notice of removal, O'Connor purports to remove

the child-custody case under 28 U.S.C. § 1443 to challenge the constitutionality of the Texas

---

[1] The Motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and
Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure,
and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

family court system and statutes, which he contends have deprived him of his rights without any due process—despite records documenting years of litigation in the child-custody case. He also asserts a litany of various criminal violations by Defendants.  He summarizes his claims as follows:

> Therefore, your Plaintiff has been unlawfully and directly subjected to a minimum of three (3) independent cause of action for direct removal under special civil rights Section 1443, i.e., false deprivation of parent-child relationships without (any) due process (whatsoever), the additional constitutional infirmity of failing to use the clear and convincing evidentiary standard in all matters allegedly pertaining to any action prospecting to impact the custody of any one or more minor children, and the equally-as-clear constitutional violations regarding the manifestly express Title IV-D conflicts of interest of state judicial officers precluding their involvements.

Dkt. #1 at 34.

As defendants in this removed suit, O'Connor names the State of Texas, through the Attorney General; state court judges Jan Soifer and Karen Crump, both of whom he describes as "somehow illicitly work[ing] simultaneously for Defendants State of Texas and Travis County, and yet also for the U.S. Federal Government and Ken Paxton"; Trish Ho, the child's mother in the state suit; the law firm Thompson Salinas Londergan, LLP ("TSL"), who represented Ms. Ho in the state suit; the law firm Dalrymple, Shellhorse, Ellis & Diamond ("DSED"); and Alissa Sherry, Ph. D., who provided a Forensic Custody Evaluation at the state court's request in the underlying suit, *see* Dkt. #19-1. He names the United States, as "a statutorily-required Intervenor" under the False Claims Act and an optional intervenor under Consumer Credit Protection Act and other federal statutes.

Ms. Ho and the State have moved to remand contending that removal was untimely and that this case cannot be removed to this court. Dkt. #18, Dkt. #29. TSL joined those motions. Dkt. #34. DSED moved to dismiss the claims for lack of standing, lack of subject matter jurisdiction, failure to state a claim, and barred for the same reasons Ms. Ho and the Sate seek remand. Dkt. #35. Soifer and Crump also join Ho's, the State's, and TSL's motions. Dkt. #42. O'Connor moves

under 18 U.S.C. § 3771 to assert his rights as a "crime victim" and moves the court to "issue criminal process" against Defendants. Dkt. #27. O'Connor also moves to extend time to submit a "First Amended Petition-Complaint." Dkt. #45.

## II. STANDARD OF REVIEW

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S at 520–521. However, a petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

## III. ANALYSIS

### A.     Removal Under Section 1443(1)

The Supreme Court has held that, for removal under § 1443(1) to be appropriate, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *McMullen v. Cain*, 726 F. App'x 257, 258 (5th Cir. June 13, 2018).

O'Connor recognizes *Georgia v. Rachel*, 384 U.S. 780 (1966), and its progeny but argues the court should not to follow it.  The court rejects this invitation. O'Connor's claims in this case

do not credibly arise under a federal law pertaining specifically to racial equality.

Moreover, even if the court could find that O'Connor credibly cited an appropriate federal law on which to remove the case, his removal was untimely. Additionally, the court should refuse to exercise jurisdiction under the *Rooker-Feldman* and *Younger* abstention doctrines and the domestic relations exception to federal jurisdiction.

### B.      Removal is Untimely

A case must be removed within 30 days after the receipt by the defendant of the pleading, motion, order, or other paper that demonstrates the case is removable. 28 U.S.C. § 1446(b)(3). The underlying child custody suit is many years old. Nonetheless, O'Connor contends removal is timely because his right to remove was triggered when his motion for continuance "was denied without due process." Dkt. #1 at 18. First, there is nothing about a denial of a motion for continuance that would make this case removeable. Second, O'Connor's motion was denied by a judge—the very essence of due process. Even if the case was removeable—which it is not— remand would be justified because removal was untimely.

### C.      *Rooker-Feldman* Doctrine and *Younger* Abstention

Additionally, this court lacks jurisdiction to hear O'Connor's claims under the *Rooker–Feldman* doctrine. As the Fifth Circuit has explained:

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted).

Federal courts frequently apply the doctrine to bar federal jurisdiction over family law matters

such as child support and divorce proceedings. *See, e.g., Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403–04 (7th Cir. 2002) (finding suit challenging contempt order enforcing child support order barred by *Rooker–Feldman*); *Laskowski v. Attorney Gen. of Tex.*, 2006 WL 2479101, at *2 (S.D. Tex. Aug.25, 2006) (finding suit challenging child support arrearages barred by *Rooker-Feldman*). As this is a family law matter, under the *Rooker–Feldman* doctrine this court lacks jurisdiction to entertain O'Connor's claim. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and invoking district court review and rejection of those judgments").

O'Connor contends *Rooker-Feldman* does not apply because he is not challenging any particular state court order. O'Connor's assertion is duplicitous at best. He seeks "full and complete restoral and remedies for all monies" paid as child support and spent in the underlying litigation and "compelled additional parenting time beyond the basic 50/50 requirement," which would require a reversal of the state court's child support and custody orders. *See* Dkt. #1 at 35, 37-42.

Alternatively, to the extent O'Connor complains of state orders that are not final, the court should abstain from jurisdiction under the *Younger* abstention doctrine. The *Younger* doctrine requires federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). As a matter of law, family and child custody issues are important state interests. *See Moore v. Sims*, 442 U.S. 415 (1979) ("Family relations are a traditional area of state concern."); *Jagiella v. Jagiella*,

647 F.2d 561, 564 (5th Cir.1981) ("[A]pplication of the *Younger* Abstention Doctrine to domestic relations cases is obvious and proper.")). As a matter of law, "Texas law is apparently as accommodating as the federal forum . . . . [A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore*, 442 U.S. at 425-26 (emphasis added). O'Connor's claims satisfy all of these elements—there is an ongoing state proceeding that implicates important state interests, and he can raise his constitutional claims in state court.

### D.      Domestic Relations Exception

Furthermore, this case is also subject to dismissal under the domestic relations exception to federal jurisdiction. Under the domestic relations exception, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues. *Rykers v. Alford*, 832 F.2d 895, 899 (5th Cir. 1987). Courts have reasoned that (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id*. at 899-900. "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id*. at 900. As noted above, O'Connor is asking for relief that includes modifications to his child support and custody orders. Accordingly, the court should decline jurisdiction as state courts are far better suited to provide the relief O'Connor seeks.

## IV. SANCTIONS

Ms. Ho moves for sanctions under Rule 11 and 28 U.S.C. § 1447(c) and for attorneys' fees for O'Connor's improper removal. She contends this removal was frivolously filed in an effort to delay the impact of an adverse ruling in state court, as well as to artificially increase the litigation fees associated with O'Connor's pattern of frivolous and vexatious litigation.

Rule 11 provides the following:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

FED. R. CIV. P. 11(c)(2). Ms. Ho has not demonstrated she complied with the procedural requirements of Rule 11, as she has not submitted any evidence that she served the motion on O'Connor at least 21 days before seeking sanctions. Accordingly, any request for sanctions under Rule 11 must be denied. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (holding that where the party seeking sanctions does not "comply with this procedural prerequisite . . . the sanction and payment of costs and attorneys' fees . . . cannot be upheld under Rule 11.").

Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While there is no automatic entitlement to an award of attorney's fees when a case is remanded, a court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (internal citations and quotations omitted). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging

litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005).

O'Connor clearly lacked an "objectively reasonable basis" for removing this family law matter to federal court. *See* Dkt. #14 (acknowledging Supreme Court precedent). Given when this case was removed and the then-upcoming state court deadlines, it is clear the removal was filed for delay and to prolong his litigation with Ms. Ho. Accordingly, the undersigned recommends that the District Court grant Ms. Ho's request to recover her attorney's fees under 28 U.S.C. § 1447(c). *See Todd v. Todd*, 2008 WL 2512646 at * 5 (M.D. La. June 23, 2008) (granting request for attorney's fees under § 1447(c), where defendant removed divorce and custody state action to federal court).

In her motion to remand, Ms. Ho states that she has incurred at least $5,000 in attorneys' fees in preparing the motion to remand and responding to O'Connor's frivolous removal of the state proceedings. The undersigned finds that the requested sum ($5,000) is reasonable for the work completed on this matter. The undersigned further notes that in the underlying case, defendant Dr. Sherry, the state court-appointed psychologist who performed a forensic custody evaluation, recommended that O'Connor be required to pay an attorney fee litigation bond in the amount of $50,000 given the extent to which he has harassed Ms. Ho with needless litigation and court expenses.  Dkt. #19-1 at 77.  Indeed, in this removal and motion practice, O'Connor has exhibited many of the behaviors that Dr. Sherry found so abusive.[2]

---

[2] O'Connor has repeatedly accused the defense attorneys of making fraudulent misrepresentations to the court, accused them of not following the rules, and advocated for their disbarment.  In fact, it is O'Connor's actions that are duplicitous. He twists his own pleadings based on the outcome he desires and asserts or ignores judicial precedents to meet his needs. Moreover, his responses to the motions for remand blatantly violate the page limits set forth in the Local Rules.

## V. OTHER PENDING MOTIONS

There are several other pending motions that have not yet been fully briefed.  Because the undersigned recommends granting the State's and Ms. Ho's motions, the remaining motions do not need to be reached. However, for the sake of clarity, the undersigned denies Plaintiff's Motion for Extension of Time to Submit First Amended Petition-Complaint (Dkt. #45). Jurisdiction is determined at the time of removal.  Therefore, there are no new claims O'Connor can assert that would change the undersigned's recommendations.

## VI. RECOMMENDATIONS AND ORDER

The undersigned **RECOMMENDS** that the District Court **GRANT** Trish Ho's Motion to Remand (Dkt. #18), the State of Texas's Motion to Remand (Dkt. #29), and TSL's Motion to Remand (Dkt. #34) and **REMAND** this case to state court.

The undersigned further **RECOMMENDS** that the District Court **ORDER** O'Connor to pay Ms. Ho attorney's fees in the amount of $5000.00 under 28 U.S.C. § 1447(c).

The undersigned **DENIES** Plaintiff's Motion for Extension of Time to Submit First Amended Petition-Complaint (Dkt. #45).

## VII. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).


      SIGNED November 28, 2022.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE