UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Cause No.: 1:22-cv-01047-LY-ML

| | |
|---|---|
| DAVID E. O'CONNOR,   )  | |
|     Plaintiff-Petitioner,   )  | |
| )  | FORMAL DEMAND FOR JURY TRIAL |
| v.   )  | |
| )  | CONSTITUTIONAL CHALLENGES |
| STATE OF TEXAS, et al.,   )  | |
|     Defendants-Respondents.   )  | INJUNCTIVE RELIEF REQUESTED |

## Motion for Reconsideration, for Clarification, and for Leave to Amend

Comes now the Plaintiff-Petitioner-Victim, David E. O'Connor, moving for reconsideration by the Court, not the least of which reasons therefore includes *fully independent federal statutory claims within the original complaint that the Court has still not addressed*, by showing thusly:

SUMMARY OF THE COURT'S ORDER OF REMAND

In summary, the Court's expressed reasoning for remand order boils down to these points:

1. The Court agreed with Magistrate Lane in saying that removal under 28 USC § 1443(1) was not properly invoked in terms of racial inequality and of a federal statute prohibiting that.

2. The Court agreed with Magistrate Lane in saying that Plaintiff's filed action lacked an "objectively reasonable basis" for removal, and then further agreed that Defendant Trish Ho's request for attorney's fees should therefore be granted as a sanction "for the work completed on this matter" and then further agreed to the amount of $5000 for such sanction award.

3. The Court stated on the record that it had "`considered the complaint; the motions; the responses; the replies; the objections; the case file; and the applicable law`" as the reasoning for overruling all of Plaintiff's nine (9) specific objections and adopting the Magistrate's Report & Recommendations.

1

Clearly, the Judge of this Court failed to even look at this Plaintiff's formal Objections to the Report and Recommendations, directly violating this Plaintiff's rights to due process and a fair and impartial tribunal, as there are multiple serious failures that cannot otherwise be explained.

Moreover, there are two (2) **other** independent federal statutory actions combined with and into the original complaint for removal that the Court completely failed to address, and one (1) of those other statutory actions **expressly prohibits** the Court from dismissing Plaintiff's action.

Moreover, this undersigned Petitioner-Plaintiff should be entitled to amend the complaint.

All and the same are positive grounds for reconsideration, as each topic is discussed below.

## REMOVAL WAS, IN FACT, FULLY PROPER UNDER SECTION 1443(1)

The Court opined that 28 USC § 1443(1) can only be invoked by removal petitioners who are complaining in terms of racial inequality and via a federal statute that prohibits such inequality.

On page 2 of said recent Order remanding, the Court stated:

```
This court agrees with the magistrate judge's finding Plaintiff's
claims do not credibly arise under a federal law pertaining
specifically to racial equality. Georgia v. Rachel, 384 U.S. 780
(1966). Because Plaintiff cannot credibly cite an appropriate
federal law on which to remove this case, this case must be remanded
to state court. See, e.g., Kokkonen v. Guardian Life Ins. Co. of
America, 511 U.S. 375, 377 (1994) ("Federal courts are courts of
limited jurisdiction.").
```

But this Plaintiff **did** expressly claim so within the original complaint, and the undersigned fully believes and says that the state court case is manifestly discriminating against me *because I am a white male*, i.e., precisely because I am a Caucasian father. While the additional gender discrimination component is a separate issue, the fact that I am being discriminated and violated in my civil rights and otherwise *includes* the reason that I am Caucasian. Indeed, during the past several years especially, society in general has apparently induced government units *at all levels*

to completely violate and disdain all White people, *particularly White males*, and the examples are myriad and well documented, typically referred to as (anti-) "White Supremacy" ideology.

Plaintiff **did** in fact include sufficient racial inequality allegations at length (Complaint Dkt. #1 at 12) (section entitled "RACIAL AND GENDER DISCRIMINATION"), and Plaintiff did in fact also properly cite to federal statutes prohibiting that discrimination (Complaint Dkt. #1 at 37-38) (specifically citing to 42 USC § 1981 – *including* prohibiting racial inequality as "`All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property` **`as is enjoyed by white citizens`**`, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.`") (emphasis added) (specifically also citing to 42 USC § 1985 – including various prohibition references to "`class of persons`") (specifically also citing to 42 USC § 2000b–2 which is a direct reliance on and citizen parallel to 42 USC § 2000b for the Attorney General in prohibiting rights inequality "`on account of his race, color, religion, or national origin`").

Hence, this Plaintiff did in fact properly remove via both: [A] inclusion of the appropriate allegations of racial inequality; and also in [B] properly citing to (more than one) federal statute that prohibits that unlawful racial discrimination.

Further, timeliness of removal was repeatedly demonstrated as proper pursuant to 28 USC § 1446(b), both in the original Complaint (Dkt. #1 at 17 "TIMELINESS OF REMOVAL"), and also in said Objections to recent Report and Recommendations. *See* Objections at 22-23).

Accordingly, the Court should reconsider its recent Order in this cause for those reasons.

SANCTIONS / ATTORNEY'S FEES

The very idea of sanctions via any award of opposing attorney's fees for Defendant Ho based on the "work product" of her attorney, Mr. Little, is laughable at best, when his remand motion:

a) was clearly demonstrated as almost entirely fraudulent and frivolous throughout;

b) unbelievably (frivolously, fraudulently) complained of "lack" of diversity jurisdiction and "lack" of the diversity $75K threshold and "lack" of diverse parties, when there was never any such jurisdiction ever even claimed or ever even alleged by Plaintiff whatsoever;

c) unbelievably (frivolously, fraudulently) complained of individual, particular state court judgments being attacked in this Court, so as to then also (frivolously, fraudulent) argue that abstention doctrines should apply to bar the action, when there was never any such attacks by Plaintiff upon any individual, particular state court judgment whatsoever, and hence such abstention doctrines did not and do not apply whatsoever;

d) unbelievably (frivolously, fraudulently) complained of, within his such patently dishonest arguments, that the domestic relations exception should apply, when actually that doctrine only applies (sometimes) to diversity cases, which again this case never was or is, at all;

e) unbelievably (frivolously, fraudulently) complained of, within his such patently dishonest arguments, that this Plaintiff's removal was somehow untimely, offering dates of his own imagination, when in fact the timeliness of removal was already demonstrated as proper pursuant to 28 USC § 1446(b) within the original Complaint (Dkt. #1 at 17 "TIMELINESS OF REMOVAL"); and,

f) fraudulently misrepresented that Section 1443 removal is the *only* federal cause of action at bar in this Track 3 complex litigation case, as false reasoning to trick and deceive this Court into ignoring **all** of the other federal causes raised, which apparently worked…

Indeed, it is laughable to even suggest any sanctions and/or attorney's fees at this juncture, when this case is not even possibly done because the FCA claims expressly **cannot** be dismissed by this Court yet, when the Court has failed to even address the CCPA claims, the FCA claims, the RICO claims, or the federal claims for discrimination within public accommodations yet, and when – due to said <u>Request for Judicial Notice</u> already on file – there is not even supposed to be any motion to remand phase at all within a Section 1443 removal that *also* duly claimed right of trial by jury as the sole and exclusive fact-finder, because the SCOTUS has repeatedly confirmed that "final removal jurisdiction" can only be determined by an actual fact-finding process, which in this case was and is the Jury exclusively, hence the Judge of this Court *cannot* determine whether such removal jurisdiction exists or not.

Moreover, if anyone should be sanctioned, it is Mr. Little himself for the reasons stated, as his entire motion to remand was chock full of entirely frivolous and fraudulent misrepresentations.

Moreover, the amount of $5000 is arbitrary and capricious, and entirely without foundation, unless and until Mr. Little would first cough up an actual invoice itemizing his "work" hours.

Moreover, this Plaintiff cannot be found to have lacked an "objectively reasonable basis" for removal, since the United States Supreme Court has already decisively ruled otherwise – this Plaintiff clearly filed constitutional challenges against wayward state statutes that automatically deprive protected federal rights upon their very inception. Those same wayward and repugnant automatic results of said state statutes unconstitutionally deprive EVERY citizen so impacted of their same said parental/custodial rights, without any pre-deprivation due process, whatsoever.

As such rogue and facially repugnant results to federal rights are clear and undisputed by any of the Defendants, the claims of Plaintiff cannot be ever construed as "lacking an objectively reasonable basis" for seeking relief in the federal courts.

Since this Plaintiff's federal facial challenges raised herein cannot be deemed as frivolous, unreasonable, or without foundation – since the Supreme Court has expressly given "cognizable claim status" to the child custody constitutional issues raised herein and complained of – there is no further moment to even bother discussing any sanctions or attorney's fees award of any kind

"Parents have a fundamental right to the custody of their children, and the deprivation of that right effects a cognizable injury. See *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397, 71 L. Ed. 2d 599 (1982)." *Troxel v. Granville*, 530 U.S. 57, 68-69, 147 L. Ed. 2d 49, 120 S. Ct. 2054 (2000). Again, the [unlawful] deprivation of a natural parent's child custody by state court action DOES effect a cognizable injury within the federal courts, i.e., within this Court, *and so on that ground alone*, this Petitioner has already "well pled" a cognizable action herein.

The Fifth Circuit will review a district court's award of attorneys' fees under 42 U.S.C. § 1988 for abuse of discretion. *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009). It will also review findings of fact for clear error and conclusions of law de novo. *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008). For a district court to properly award a defendant attorneys' fees, such court must find that (1) the defendant is a prevailing party, and (2) that the plaintiff's claims are frivolous, unreasonable, or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 178 (1980) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S. Ct. 694, 700 (1978)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997 (5th Cir. 2008). In this case, it **cannot** be said that Plaintiff's claims are frivolous, unreasonable, or without foundation, as the United States Supreme Court has already ruled otherwise to the issue.

And again, this Court has yet to even address the other independent federal claims raised by the original Complaint, hence any notion of any sanctions against Plaintiff is premature at best.

Accordingly, the Court should reconsider its recent Order in this cause for those reasons.

## THE COURT'S FAILURE TO ADDRESS ALL CLAIMS

Removal via Section 1443 was and is not the only major type/category of claim raised by the original Complaint herein, and the Court had duty to address, at minimum, each of the three (3) "main" claim types/categories.  The other two (2) included raising jurisdiction and action under the federal Consumer Credit Protection Act, and also separately under the False Claims Act.

In addition to claims under regular "federal question" jurisdiction, the original criminal Complaint specifically invoked these other separate types/categories of claims jurisdiction.  *See* Dkt. #1 at 13-14, entitled Jurisdiction and Venue, repeated here for convenience:

```
This Court has proper jurisdiction over these causes of action pursuant to,
but not limited to, the following statutory authorities: 28 USC §§ 1443 and
1446(b) [constitutional challenge to state statutes under special Section
1443 civil rights removal], see also 28 USC § 2403, as well as 28 USC §§
1331, 1343 and 1367 [standard federal questions, and federal supplemental
jurisdiction over intertwined state law claims], further pursuant to the
Federal Consumer Credit Protection Act, 15 USC §§ 1601, et seq., and yet also
again, as further independent jurisdiction under the False Claims Act, 31 USC
§ 3729, et seq. (emphases in original)
```

and again, these other independent causes of action were repeated in paragraph 3 thereof:

```
Venue is quite and solely proper, as removal over numerous state violations
of various federal rights, both as perpetrated and as threatened to
perpetrate, in Travis County, TX, venue is also quite and solely proper as
for violations of the Federal Consumer Credit Protection Act, both as
perpetrated and as threatened to perpetrate, in Travis County, TX, and venue
is also quite and solely proper as for violations of the False Claims Act in
defrauding the United States, again both as perpetrated and as threatened to
perpetrate, in Travis County, TX. (emphases added)
```

Each of these separate statutory claims is *independent* of the removal issues of Section 1443.

The Court has utterly failed to address either of these other major types/categories of claims.

Under the FCA claims raised herein, the Court **cannot** dismiss until a minimum of the AG consenting as a prerequisite, 31 USC § 3730(b)(1), as long as I get a reasonable opportunity to respond AND get a hearing upon the same, 31 USC § 3730(c)(2)(A) and (B), or the Government chooses either to accept and takeover or decline the case, 31 USC § 3730(b) *passim*. The Government gets 60 days to decide, *id.* at (b)(2), the Government may request extension(s) of time for that purpose, *id.* at (b)(3), and even if the Government declines then I still "shall have the right to conduct the action" myself, *id.* at (b)(4)(B). *See also*, *id.* at (c)(3) ("If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action.").

Filing an FCA action doesn't require filing under seal when there is no hidden or undisclosed evidence lurking within the shadows, and therefore requiring opportunity for an investigation conducted in secret by the US Attorney's Office, such examples including this situation at bar, wherein all of the evidence needed to guarantee FCA convictions is already freely available and in the public domain – the only thing *new* the instant Complaint has done is simply connect the dots in a rogue and corrupt system that necessarily defrauds the federal Government every single day via routinely falsified Title IV-D claims. An FCA complaint has no need for filing under seal when both intended purposes *already exist* in full measure, i.e., the criminal convictions are necessarily a forgone conclusion because all the proof needed is very well documented by the Defendants' own hands themselves, and the amounts of monies due and owing back to the federal Government can already be computed to the reasonably correct damages amount because again, likewise, all the proof is very well documented by the Defendants' own hands themselves.

The Court has totally failed to address my federal Consumer Credit Protection Act and False Claims Act actions herein, and both of those are also expressly original federal jurisdiction.

Further, the Court cannot terminate the FCA action herein until at least certain minimum acts by the U.S. Attorney General are first met, and even then there is a mandatory hearing required.

Accordingly, the Court should reconsider its recent Order in this cause for those reasons.

## OTHER ISSUES PRESERVED FOR APPEAL

Plaintiff further preserves all other issues raised by said Objections to Magistrate Lane's Report and Recommendations, by repeating and incorporating all the same herein by reference in highlight, thusly stated:

a) Specific Objection #1 – Magistrate Lane's R&R was incomplete, failing to ever even once address any aspect of those other independent causes of action in the original Complaint (False Claims Act, Consumer Credit Protection Act, and so forth) (Objections at 3-5);

b) Specific Objection #2 – the Court was not and is not allowed to dismiss (or "remand") the False Claims Act claims herein, but must expressly wait for the Government to interact, and even if the Government declines to takeover that suit portion, this Plaintiff expressly gets to continue those claims herein (Objections at 5-6);

c) Specific Objection #3 – Magistrate Lane's R&R fraudulently misrepresented that this Plaintiff has filed Section 1443 removal so as to "appeal" or "review" or "collaterally challenge" and/or "modify" *one or more particular state court judgments* within this federal district Court, so as to invoke application of abstention doctrines, but none of any of that is actually true to the law and facts of this case (Objections at 6-10);

d) Specific Objection #4 – Magistrate Lane's R&R fraudulently misrepresented about that same application of abstention doctrines, which is entirely false (Objections at 10-22);

9

e) Specific Objection #5 – Magistrate Lane's R&R fraudulently misrepresented about the timeliness of removal (Objections at 22-23);

f) Specific Objection #6 – Magistrate Lane's R&R fraudulently misrepresented about the duties of this Court in regards to the Crimes Victim Act (Objections at 23-24);

g) Specific Objection #7 – there is no motion to remand phase within a Section 1443 removal that has also duly claimed right to trial (and all fact-finding determination of jurisdiction) by the Jury (Objections at 24);

h) Specific Objection #8 – outrageous misrepresentations about sanctions / attorney's fees (Objections at 24-25); and,

i) Specific Objection #9 – the Court's denial of this Plaintiff's first and only request for leave to amend the original Complaint, more detailed just below next.

AMENDMENT OF THE ORIGINAL COMPLAINT

Importantly, leave to amend should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Case law regarding the liberal right to amend under 28 USC § 1653 is enormous and exhaustive. "Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading 'once as a matter of course at any time before a responsive pleading is served.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A motion to dismiss is not a responsive pleading under Rule 15(a). *Centifanti v. Nix*, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989), citing *Reuber v. United States*, 750 F.2d 1039, 1062 n. 35 (D.C. Cir. 1984); *McDonald v. Hall*, 579 F.2d 120, 121 (1st Cir. 1978). *See also* 2 James Wm. Moore, et al., Moore's Federal Practice § 12.34 (3d ed. 2000) ("Because a motion to dismiss for failure to state a claim is not a 'responsive pleading,' a plaintiff may amend the complaint once without leave, even during the pendency of a motion to dismiss, if the defendant has not yet served an answer.")

The Court should now therefore vacate its recent Order and grant me leave with reasonable time to amend my original Complaint, as was always intended and planned under Rule 15, and further determine a reasonable amount of time in allowing the Defendants to respond to such amended Complaint upon and after my filing of the same.  *See* and *cf.* Rule 15(a)(2) and (d).

## CONCLUSION AND PRAYER FOR RELIEF

Petitioner has made three (3) rock-solid *facial* challenges to the statutory schemes of Defendant Texas complained of, and that is *precisely* what makes a valid removal under Section 1443, as at its heart the core germane aspect of Section 1443 is *only* whether the case implicates/exposes a situation "where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will be inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood, 384 U.S. at 828, 86 S.Ct. at 1812.

The U.S. Supreme Court has also always maintained "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" by Congress.  See, Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976), which is a seminal case that this Court is clearly very well familiar with upon jurisdictional duties, and, indeed, the Supreme Court has "often acknowledged that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Insurance Company, 517 U.S. 706, 716 (1996) (emphasis added).

This constitutional due process liberty interest case, a removal filed under express statutory authority, that is precisely on point for the congressional target of the enacted statute, with its own statutorily-provided jurisdiction, is a prime example of that very "unflagging obligation" in duty.  Indeed, there could hardly be any case so directly on point.

11

Further, I have already well established perfectly cognizable claims under the federal **Consumer Credit Protection Act**, for compelling the state court to cease and desist any further attempts to collect legally non-existent "child support" debt in violation of law, as well as under the federal **False Claims Act**, due to legal professionals routinely using falsified state court records and attendant fraudulent liens of "child support" and those many numerous and presently ongoing criminal acts of making false claims for federal reimbursements wherein the natural parent's pre-existing and constitutionally-superior rights to their own flesh-and-blood children were never even alleged as forfeited under serious parental unfitness, let alone ever actually proven and adjudicated away under the clear and convincing evidentiary standard.

**WHEREFORE**, the Plaintiff-Petitioner-Victim moves the Court to now vacate its recent Order of remand, also improperly dismissing prematurely certain other claims under the False Claims Act, grant leave for the undersigned to amend the original Complaint within a reasonable amount of time therefore and the same for Defendants to respond thereafter, and the undersigned also prays for any and all other relief true and just within these premises.

Respectfully submitted,

/s/ David E. O'Connor /s/

David E. O'Connor
307 Angus Drive
Cedar Park, TX  78613
Tel:  (512) 998-0313
Email:  54guitlite96@att.net
*Plaintiff-Petitioner Party of Record*

CERTIFICATE OF SERVICE

    I hereby certify: that on this __12th__ day of January, 2023, a true and complete copy of the above Motion for Reconsideration, Clarification, Leave to Amend was served by ECF system unto parties whose counsel have entered their digital appearances herein, has been duly served upon:

*(Cross-Defendant State of Texas)*
c/o Scot M. Graydon, SBN 24002175
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548

*(Cross-Defendant Thompson etc.)*
Thompson, Salinas & Londergan
c/o Michael B. Johnson, SBN 24029639
Thompson Coe Cousins & Irons
2801 Via Fortuna, Suite 300
Austin, TX  78746

*(Cross-Defendants Soifer and Crump)*
c/o Anthony J. Nelson, SBN 14885800
Assistant County Attorney
Travis County Attorney's Office
P.O. Box 1748
Austin, TX  78767

*(Counter-Defendant Trish Ho)*
c/o Eric R. Little, SBN 24014596
Law Office of Eric R. Little
219 Texas Avenue
Bacliff, TX  77518

*(Cross-Defendant Dalrymple etc.)*
Dalrymple, Shellhorse, Ellis & Diamond
c/o Mike F. Pipkin, SBN 16027020
Weinstein Radcliff & Pipkin
8350 N. Central Expressway, Suite 1550
Dallas, TX  75206

*(Cross-Defendant Alissa Sherry)*
c/o Leslie A. Benitez, SBN 02134300
Gordon Rees Scully & Mansukhani 901
S. Mopac Expressway
Building 1, Suite 480
Austin, TX  78746

*and*, by depositing same via first class postage prepaid mail, USPS, has been duly served upon:

*(Statutory Intervenor United States)*
c/o U.S. Attorney General Merrick Garland
Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

*(Statutory Intervenor United States)*
c/o U.S. Attorney Ashley C. Hoff
Office of the U.S. Attorney TXWD
903 San Jacinto Blvd
Suite 334
Austin, TX  78701

/s/ David E. O'Connor /s/
_____
David E. O'Connor